# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLINGTON DANIELS and DIANE DANIELS,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br>COMMUNITY LENDING, INC.; NEW CENTURY MORTGAGE; THE BANK OF AMERICA HOME LOANS; COUNTRYWIDE HOME LOANS; BANK OF AMERICA, N.A.; GINNIE MAE; THE BANK OF NEW YORK; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS; and RECONTRUST COMPANY, N.A.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 13cv488-WQH-JMA<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the Motions for Leave to Proceed in Forma Pauperis ("Motions to Proceed IFP") filed by Plaintiff Ellington Daniels and Plaintiff Diane Daniels. (ECF Nos. 2, 3).

　　On February 28, 2013, Plaintiffs, proceeding pro se, initiated this action by filing the Complaint (ECF No. 1) and the Motions to Proceed IFP (ECF Nos. 2, 3). The Complaint purports to assert claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the due process clause of the 14th Amendment of the United States Constitution.

## MOTIONS TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $350.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In their affidavits, Plaintiffs state that they are not employed, they have a single bank account with a balance of "-$50", they own a 1978 Subaru automobile and no other assets of value, they have monthly obligations of $175 and "2 sons who receive 50% support," and unemployment benefits are their only source of income. (ECF No. 2 at 2-3, ECF No. 3 at 2-3).

The Court has reviewed Plaintiffs' affidavits and finds that they are sufficient to show that Plaintiffs are unable to pay the fees or post securities required to maintain this action. The Court grants the Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## INITIAL SCREENING OF COMPLAINT

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Upon review of the allegations in the Complaint, the Court finds they are sufficient to satisfy the requirements of section 1915(e)(2)(B). *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Proceed IFP (ECF Nos. 2, 3) are GRANTED. The Clerk of the Court is directed to issue a summons and provide Plaintiffs with the summons, certified copies of both this Order and the Complaint, and a blank U.S. Marshal

1  Form 285.  Plaintiffs shall complete the U.S. Marshal Form 285, and forward the Form 285
2  and the designated copies of this Order and the Complaint to the U.S. Marshal.  The U.S.
3  Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by
4  Plaintiffs on the U.S. Marshal Form 285.
5  DATED:  March 22, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge