1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ELLINGTON DANIELS and DIANE DANIELS, | CASE NO. 13cv488-WQH-JMA |
|---|---|
| Plaintiffs, | ORDER |
| vs. | |
| COMMUNITY LENDING, INC.; NEW CENTURY MORTGAGE; THE BANK OF AMERICA HOME LOANS; COUNTRYWIDE HOME LOANS; BANK OF AMERICA, N.A.; GINNIE MAE; THE BANK OF NEW YORK; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS; and RECONTRUST COMPANY, N.A., | |
| Defendants. | |

HAYES, Judge:

    On February 28, 2013, Plaintiffs, proceeding pro se, initiated this action by filing a Complaint which purports to assert claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the due process clause of the 14th Amendment of the United States Constitution. (ECF No. 1). On March 22, 2013, the Court issued an Order granting Plaintiffs' motions to proceed in forma pauperis and requiring the United States Marshal to serve the Complaint and summons as directed by Plaintiffs. (ECF No. 4).

    On March 26, 2013, Plaintiffs filed a "Motion for Issuance of an Emergency Temporary

Restraining Order to Stay the Sale of Real Property and Imposition of Permanent Injunctive Relief Barring the Sale of the Real Property by Defendants" ("Motion for Temporary Restraining Order"). (ECF No. 6). The Motion for Temporary Restraining Order "incorporates by reference all facts set forth in Plaintiffs' Complaint." *Id*. at 2. The Motion for Temporary Restraining Order does not contain a separate statement of facts and is not accompanied by affidavits or other evidence.

> Rule 65 of the Federal Rules of Civil Procedure provides:
>
> (a)(1) The court may issue a preliminary injunction only on notice to the adverse party....
>
> (b)(1) The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)(1) & (b)(1).

Plaintiffs have failed to demonstrate that Defendants have received notice of the factual basis for the Motion for Temporary Restraining Order. Plaintiffs have failed to show "specific facts in an affidavit or a verified complaint," Fed. R. Civ. P. 65(b)(1)(A), and Plaintiffs have failed to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). To the extent Plaintiffs seek a temporary restraining order without providing notice to Defendants of the factual basis underlying the Motion, Plaintiffs have failed to comply with the requirements of Rule 65. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("The stringent restrictions imposed by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.") (quotation omitted). To the extent that the Motion for Temporary Restraining Order requests a temporary restraining order, the Motion is denied.

1  The Motion for Temporary Restraining Order requests "imposition of a permanent
2 injunction." (ECF No. 6 at 5). The docket reflects that there has been no showing of service
3 of the summons and Complaint. "Before a federal court may exercise personal jurisdiction
4 over a defendant, the procedural requirement of service of summons must be satisfied." *Omni*
5 *Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Plaintiffs have failed
6 to demonstrate that this Court has personal jurisdiction over any Defendant. Accordingly, to
7 the extent that the Motion for Temporary Restraining Order requests a permanent injunction,
8 the Motion for Temporary Restraining Order is denied.

9  IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order is
10 DENIED. (ECF No. 6).

11 DATED: March 27, 2013

**WILLIAM Q. HAYES**
United States District Judge