# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLINGTON DANIELS and DIANE DANIELS,<br><br>  Plaintiffs,<br>vs.<br>COMUNITY LENDING, INC.; NEW CENTURY MORTGAGE; THE BANK OF AMERICA HOME LOANS; COUNTRYWIDE HOME LOANS; BANK OF AMERICA, N.A.; GINNIE MAE; THE BANK OF NEW YORK; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS; and RECONTRUST COMPANY, N.A.,<br><br>  Defendants. | CASE NO. 13cv488-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion for Issuance of an Emergency Temporary Restraining Order to Stay the Sale of Real Property and Imposition of Preliminary Injunctive Relief Barring the Sale of the Real Property by Defendants ("Motion for Preliminary Injunctive Relief"), filed by Plaintiffs (ECF No. 23); the Motion for Judge's Signature of Lis Pendens, filed by Plaintiffs (ECF No. 25); and the Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss"), filed by Defendants Bank of New York, Bank of America, N.A., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc. (collectively, "Moving Defendants") (ECF No. 10).

**I.     Background**

On February 28, 2013, Plaintiffs Ellington Daniels and Diane Daniels,

proceeding pro se, filed a Complaint which asserts claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the due process clause of the 14th Amendment to the United States Constitution. (ECF No. 1). The Complaint alleges that Defendants are unlawfully foreclosing on Plaintiffs' real property, and Defendants falsely asserted a right to collect and foreclose on Plaintiffs' loan.

On March 26, 2013, Plaintiffs filed a motion for temporary restraining order. (ECF No. 6). On March 27, 2013, the Court denied the motion for temporary restraining order for failure to comply with the requirements of Federal Rule of Civil Procedure 65. (ECF No. 7).

On April 16, 2013, the Moving Defendants filed the Motion to Dismiss. (ECF No. 10). The Moving Defendants contend that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint should be dismissed with prejudice for failure to allege facts sufficient to state a claim.

On May 6, 2013, Plaintiffs filed an opposition to the Motion to Dismiss, accompanied by exhibits. (ECF No. 17). Plaintiffs contend that the Complaint adequately states a claim, and alternatively request that the Court grant Plaintiffs leave to amend to correct any deficiencies in the Complaint.

On May 13, 2013, the Moving Defendants filed a reply in support of the Motion to Dismiss. (ECF No. 18).

On May 28, 2013, Plaintiffs filed the currently-pending Motion for Preliminary Injunctive Relief. (ECF No. 23). Plaintiffs seek an order staying the sale of the real property at issue. Plaintiffs do not indicate if and when a sale has been scheduled, but Plaintiffs contend generally that the elements necessary for granting preliminary injunctive relief are present in this case.

On May 28, 2013, Plaintiffs filed the Motion for Judge's Signature of Lis Pendens. (ECF No. 25).

On June 3, 2013, the Moving Defendants filed a response in opposition to the

Motion for Preliminary Injunctive Relief.  (ECF No. 27).

On June 4, 2013, Plaintiffs filed a request for judicial notice and memorandum in support of the Motion for Preliminary Injunctive Relief.  (ECF No. 29).

**II.     Motion to Dismiss**

    **A.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's "grounds" to relief must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Pro se complaints are held to a less stringent standard than formal pleadings by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those

pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

### B.  Fair Debt Collection Practices Act

In Count One of the Complaint, Plaintiffs allege that, on June 30, 1999, Plaintiffs entered into a contractual agreement with Defendant ComUnity Lending, and the other Defendants "are in violation as required notice of transfer of servicing rights of assignment of the deed of trust." (ECF No. 1 at 5). The Complaint alleges that the Moving Defendants are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) because the Moving Defendants are debt collectors making "false assertions of the right to collect the debt." *Id*.

The Moving Defendants contend that Count One should be dismissed because, *inter alia*, Defendants are not "debt collectors" under the Fair Debt Collection Practices Act and the activity of foreclosing on a property is not the collection of a debt. (ECF No. 10-1 at 4). Plaintiffs contend that the Moving Defendants stated they were "debt collectors" in their correspondence, and the Moving Defendants were not the original creditors. (ECF No. 17 at 7).

The Fair Debt Collection Practices Act applies to debt collectors, but not to creditors. *See Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Under the Fair Debt Collection Practices Act, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or directly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "It is ... well-established that a loan servicer is not a debt collector for those purposes if it acquired the loan before the borrower was in default." *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996, 2012 WL 6553988, at *19 (N.D. Cal. Dec. 14, 2012) (citing *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011); *Lal v. Am. Home Servicing, Inc.*,

680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010)). The Complaint fails to allege that Plaintiffs are in default and the Moving Defendants acquired Plaintiffs' loan *after* Plaintiffs were in default. Accordingly, the Complaint fails to adequately allege facts indicating that the Moving Defendants are "debt collectors" subject to the Fair Debt Collection Practices Act.[1] The Motion to Dismiss Count One of the Complaint is granted.

### C. Telephone Consumer Protection Act

In Count Two of the Complaint, Plaintiffs allege that "[f]rom the period of 2011-2012, Plaintiffs received as many as 3-5 phone calls per day, in excess of 1,400 calls in one year from [Defendant] Bank of America, N.A. demanding payment." (ECF No. 1 at 6). Plaintiffs allege this violated the Telephone Consumer Protection Act.

The Moving Defendants contend that Count Two should be dismissed because, *inter alia*, Plaintiffs have not pleaded facts sufficient to maintain a cause of action under the Telephone Consumer Protection Act.

The Telephone Consumer Protection Act states:

It shall be unlawful for any person ...

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> ...
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

---

[1] Count One of the Complaint references the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.* (ECF No. 1 at 5). To the extent the Complaint attempts to allege a claim for violation of the RFDCPA, the Court finds that the claim is inadequately pled for the same reason that the Fair Debt Collection Practices Act is inadequately pled. *See Lal*, 680 F. Supp. 2d at 1224 ("This Court finds that the RFDCPA does in fact mirror in the [Fair Debt Collection Practices Act], their intentions were the same and exclusive, and, as such, a loan servicer is not a debt collector under these acts. The law is well settled that [Fair Debt Collection Practices Act]'s definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt. Accordingly, as servicer of the loan, Defendant may not be held liable under RFDCPA.") (citations omitted).

>> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party ...;
>
> (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement ...; or
>
> (D) to use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.

47 U.S.C. § 227(b)(1).

The Complaint fails to plead facts indicating which provision of the Telephone Consumer Protection Act Defendant Bank of America, N.A. allegedly violated. In their brief in opposition to the Motion to Dismiss, Plaintiffs cite to 47 U.S.C. § 227(b)(1)(A)(iii), but the Complaint fails to allege sufficient facts indicating that any Defendant called Plaintiffs without Plaintiffs' prior consent using an automatic telephone dialing system or an artificial or prerecorded voice to a telephone number assigned to a paging service, cellular telephone service, or any service for which Plaintiffs are charged for the call. The Motion to Dismiss Count Two of the Complaint is granted.

### D. Fourteenth Amendment

In the third and final count of the Complaint, Plaintiffs allege that the Moving Defendants "do[] not own the original mortgage note, and do[] not have legal standing to foreclose or collect money, and continuing to harass Plaintiffs in [an] attempt to collect a debt and threaten [to] rob Plaintiffs of their right to their property without due process of law is a violation of the 14th Amendment." (ECF No. 1 at 7).

The Moving Defendants contend that Count Three should be dismissed because Plaintiffs do not allege a "state action." (ECF No. 10-1 at 6). Plaintiffs contend that the due process clause of the Fourteenth Amendment applies because foreclosure involves state action. (ECF No. 17 at 16).

The Fourteenth Amendment to the United States Constitution provides: "No state shall ... deprive any person of life, liberty, or property, without due process of law."

The Fourteenth Amendment "shields citizens from unlawful governmental actions, but does not affect conduct by private entities." *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003). Non-judicial foreclosure proceedings do not involve "state action" sufficient to support a claim for violation of the Fourteenth Amendment. *Id.* at 1095 ("While the bar for state action is low, non-judicial foreclosure procedures ... nevertheless slip under it for want of direct state involvement.") (citation omitted). The Complaint fails to adequately allege a state action sufficient to state a claim for violation of the Fourteenth Amendment. Accordingly, the Motion to Dismiss Count Three of the Complaint is granted.

### III.   Motion for Preliminary Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).

The Court has dismissed all claims against the Moving Defendants for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated above, the Court finds that Plaintiffs have failed to establish a likelihood of success on the merits. Accordingly, the Motion for Preliminary Injunctive Relief is denied. *See Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary.").

### IV.   Motion for Judge's Signature of Lis Pendens

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice." *Kirkeby v. Superior Court of Orange County*, 33 Cal. 4th 642, 647 (2004)

1  (quotation omitted). A lis pendens, otherwise known as a notice of pendency of action,
2  may be filed by any party in an action who asserts a "real property claim." *Id*. (quoting
3  Cal. Code Civ. P. § 405.20). Section 405.21 states that "[a] notice of pendency of
4  action shall not be recorded unless ... it is signed by a party acting in propria persona
5  and approved by a judge." Cal. Code Civ. P. § 405.21(b).

6  Plaintiffs filed a proposed Notice of Lis Pendens with the Motion for Judge's
7  Signature of Lis Pendens. (ECF No. 25 at 2). The proposed Notice of Lis Pendens
8  states: "Notice is hereby given that the above-captioned case is pending in the above-
9  entitled Court, affecting the right, title and interest to real property commonly known
10 as 6391 Medio Street, San Diego.... Said action pertains to an action for Specific
11 Performance of a contract for sale of the above-described real property." *Id*.

12 The Complaint does not request "Specific Performance of a contract for sale of
13 the above-described real property," and there is no pending claim in the Complaint
14 which would support such relief. Accordingly, the Motion for Judge's Signature of Lis
15 Pendens is denied.

16 **V.   Conclusion**

17 IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No.
18 10). The Complaint is dismissed without prejudice as to the Moving Defendants. No
19 later than thirty (30) days from the date of this Order, Plaintiffs may file a motion for
20 leave to file a first amended complaint, accompanied by a proposed first amended
21 complaint. The proposed first amended complaint must be complete in itself and may
22 not incorporate by reference any claims or allegations from the original Complaint.

23 The Motion for Preliminary Injunctive Relief is DENIED. (ECF No. 23). The
24 Motion for Judge's Signature of Lis Pendens is DENIED. (ECF No. 25).

25 DATED: June 5, 2013

**WILLIAM Q. HAYES**
United States District Judge