1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLINGTON DANIELS and DIANE DANIELS, | CASE NO. 13cv488-WQH-JMA |
| Plaintiffs, | ORDER |
| vs. | |
| COMUNITY LENDING, INC.; NEW CENTURY MORTGAGE; THE BANK OF AMERICA HOME LOANS; COUNTRYWIDE HOME LOANS; BANK OF AMERICA, N.A.; GINNIE MAE; THE BANK OF NEW YORK; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS; and RECONTRUST COMPANY, N.A., | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss"), filed by Defendants Bank of New York Mellon, Bank of America, N.A. (sued as "The Bank of America Home Loans"), Countrywide Home Loans, Inc., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc. (collectively, "moving Defendants") (ECF No. 45), and the Motion for Reconsideration of the Order setting aside the Clerk's entry of default and denying the motion for default judgment, filed by Plaintiffs (ECF No. 54).

## I.    Background

On February 28, 2013, Plaintiffs Ellington Daniels and Diane Daniels, proceeding pro se and in forma pauperis, filed a Complaint which asserted claims

pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the due process clause of the 14th Amendment to the United States Constitution. (ECF No. 1). The Complaint alleged that Defendants were unlawfully foreclosing on Plaintiffs' real property, and Defendants falsely asserted a right to collect and foreclose on Plaintiffs' loan.

On June 30, 2013, the Court issued an Order granting a motion to dismiss the Complaint. (ECF No. 30). The Court stated: "No later than thirty (30) days from the date of this Order, Plaintiffs may file a motion for leave to file a first amended complaint, accompanied by a proposed first amended complaint." *Id*. at 8.

On July 9, 2013, Plaintiffs filed a document entitled, "Plaintiffs' Amended Complaint" ("First Amended Complaint"). (ECF No. 34). The First Amended Complaint alleges the following causes of action: (1) violation of the FDCPA; (2) violation of the Rosenthal Fair Debt Collection Practices Act; (3) violation of the TCPA; (4) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f); (5) negligence and not meeting condition precedent; (6) fraud; (7) cancellation of a voidable contract under California Revenue & Tax Code §§ 23304.1, 23305.5A and violation of California Corporations Code § 191(c)(7); (8) set aside trustee's sale; (9) void or cancel trustee's deed upon sale; (10) void or cancel assignment of deed of trust; (11) no agency standing, legal capacity; (12) breach of contract; (13) breach of implied covenant of good faith and fair dealing; (14) violation of Plaintiffs' Fourteenth Amendment rights; (15) unjust enrichment; (16) violation of California Business and Professions Code sections 17200 *et seq.*; (17) quiet title; and (18) slander of title.

On July 12, 2013, the Court issued an Order which stated: "[T]he Amended Complaint filed on July 9, 2013 is construed as a Motion for Leave to File a First Amended Complaint. Any opposition to the Motion for Leave to File a First Amended Complaint shall be filed no later than July 26, 2013." (ECF No. 35 at 1 (citation omitted)).

On July 29, 2013, Plaintiffs filed a Request for Clerk's Entry of Default and a Motion for Default Judgment. (ECF No. 37, 39). On July 31, 2013, Plaintiffs filed an Amended Motion for Default Judgment. (ECF No. 43). The Amended Motion for Default Judgment states that "Defendants have not responded to the Amended Complaint and the time for Defendants to answer the Amended Complaint expired on July 26, 2013." *Id*. at 3.

On July 30, 2013, the Clerk entered default as to Defendants Countrywide, Bank of America Home Loans and Ginnie Mae. (ECF No. 38).

On August 12, 2013, the Court issued an Order granting the unopposed Motion for Leave to File a First Amended Complaint and construing the document entitled, "Plaintiffs' Amended Complaint," as the operative pleading in this case. (ECF No. 44). The Court ordered: "All served Defendants shall respond to the First Amended Complaint no later than fourteen (14) days from the date this Order is filed. The Amended Motion for Default Judgment is denied without prejudice to renew the motion if any Defendant does not file a timely response." *Id*. at 2 (citing Fed. R. Civ. P. 15(a)(3)).

On August 26, 2013, the moving Defendants filed the Motion to Dismiss Plaintiffs' First Amended Complaint and a Request for Judicial Notice. (ECF No. 45). The moving Defendants contend that the First Amended Complaint fails to adequately plead any of the causes of action alleged, and the moving Defendants request that the First Amended Complaint be dismissed with prejudice.

On August 28, 2013, Plaintiffs filed a Motion for Default Judgment against all Defendants. (ECF No. 47). On September 17, 2013, Plaintiffs filed an Amended Motion for Default Judgment. (ECF No. 50).

On November 4, 2013, the Court issued an Order denying the Motion for Default Judgment and Amended Motion for Default Judgment, and setting aside the Clerk's entry of default as to Defendants Countrywide, Bank of America Home Loans and Ginnie Mae. (ECF No. 52). The Court ordered that any opposition to the Motion to

Dismiss the First Amended Complaint shall be filed no later than November 18, 2013, and any reply in support of the Motion to Dismiss shall be filed no later than November 25, 2013.  *Id*. at 4.

On November 18, 2013, Plaintiffs filed the Motion for Reconsideration of the November 4, 2013 Order setting aside the Clerk's entry of default and denying the motion for default judgment, an opposition to the Motion to Dismiss, and a Request for Judicial Notice.  (ECF Nos. 54, 56).

On November 25, 2013, the moving Defendants filed a reply in support of the Motion to Dismiss and an opposition to Plaintiffs' Request for Judicial Notice.  (ECF Nos. 57, 58).  On December 2, 2013, the moving Defendants filed an opposition to the Motion for Reconsideration of the November 4, 2013 Order.  (ECF No. 59).

## II.    Motion for Reconsideration

Plaintiffs contend that Court set aside the Clerk's entry of default and denied the motion for default judgment in error because "per the court's [July 12, 2013] order, the Defendants did not file a timely response," and "Defendants did not respond [to] ... Plaintiffs' First Amended Complaint."  (ECF No. 54 at 2).

The July 12, 2013 Order provided that Defendants may file an opposition to the Motion for Leave to File a First Amended Complaint, but the Order did not require an opposition to be filed.  (ECF No. 35).  Defendants did not file an opposition, and on August 12, 2013, the Court issued an Order stating that "pursuant to Federal Rule of Civil Procedure 15(a), the unopposed Motion for Leave to File a First Amended Complaint is GRANTED."  (ECF No. 44 at 2).  In the August 12, 2013 Order, the Court required all served Defendants to respond to the First Amended Complaint within fourteen days, or by August 26, 2013.  *Id*.  As stated in the November 4, 2013 Order, "Defendants timely filed a response to the Amended Complaint by filing the pending Motion to Dismiss the First Amended Complaint (ECF No. 45) on August 26, 2013."  (ECF No. 52 at 3 (citing Fed. R. Civ. P. 12(a)(4)).  The Motion for Reconsideration of the November 4, 2013 Order setting aside the Clerk's entry of default and denying the

1  motion for default judgment is denied.

2  **III.    Motion to Dismiss**

3        **A.      Standard of Review**

4        Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

5  a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of

6  Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must

7  contain ... a short and plain statement of the claim showing that the pleader is entitled

8  to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where

9  the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

10 legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

11       "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

12 requires more than labels and conclusions, and a formulaic recitation of the elements

13 of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

14 (quoting Fed. R. Civ. P. 8(a)).  When considering a motion to dismiss, a court must

15 accept as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662,

16 679 (2009).  However, a court is not "required to accept as true allegations that are

17 merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

18 *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a

19 complaint to survive a motion to dismiss, the non-conclusory factual content, and

20 reasonable inferences from that content, must be plausibly suggestive of a claim

21 entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.

22 2009) (quotations omitted).

23       Pro se complaints are held to a less stringent standard than formal pleadings by

24 lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A pro se plaintiff's

25 complaint must be construed liberally to determine whether a claim has been stated.

26 *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  "Although a pro se litigant

27 ... may be entitled to great leeway when the court construes his pleadings, those

28 pleadings nonetheless must meet some minimum threshold in providing a defendant

with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## B.    Federal Law Claims

### 1.    Fair Debt Collection Practices Act

In the first cause of action of the First Amended Complaint, Plaintiffs allege that Defendants are in violation of the FDCPA, 15 U.S.C. § 1692(e) because Defendants "engaged in false and misleading representations in communications ... in connection with the collection of a debt." (ECF No. 34 at 48). The First Amended Complaint alleges that "even if Defendants are unquestionably an assignee or substitute trustee, that fact does not preclude it from being held liable as a debt collector." *Id*. at 29.

The moving Defendants contend that the first cause of action should be dismissed "because Defendants are not debt collectors as defined by the FDCPA, and because Plaintiffs fail to allege specific facts establishing a violation of the FDCPA." (ECF No. 45-1 at 12). Plaintiffs contend that "Defendants violated the Fair Debt Collections Practices Act to the detriment of Plaintiffs by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendants misrepresented the character, amount, and legal status of the alleged debt; and by threatening to take action against Plaintiffs that could not legally be taken." (ECF No. 56 at 13 (citing 15 U.S.C. § 1692(e)).

The FDCPA applies to debt collectors, but not to creditors. *See Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or directly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition of debt collector is "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained." *See* 15 U.S.C.

§ 1692a(6)(F).

"It is ... well-established that a loan servicer is not a debt collector for those purposes if it acquired the loan before the borrower was in default." *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996, 2012 WL 6553988, at *19 (N.D. Cal. Dec. 14, 2012) (citing *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011), *affirmed in relevant part*, 720 F.3d 1204 (9th Cir. 2013); *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010)); *see also Satre v. Wells Fargo Bank, N.A.*, No. C 10-01405, 2013 WL 5913752, at *3-*4 (N.D. Cal. Nov. 1, 2013) (collecting cases). The First Amended Complaint fails to allege that any Defendant acquired Plaintiffs' loan after Plaintiffs were in default. The First Amended Complaint fails to adequately allege that any Defendant is a "debt collector" subject to the FDCPA. The Motion to Dismiss the first cause of action for violation of the FDCPA is granted.

## 2.     Telephone Consumer Protection Act

In the third cause of action of the First Amended Complaint, Plaintiffs allege that Defendant Bank of America, N.A. made "in excess of 1,400 calls, through human agents, computer generated, and robo-dialing," and left "several messages per day using automatic telephone dialing systems, human agents, and an artificial prerecorded voice to Plaintiffs' cellular and residential telephone numbers." (ECF No. 34 at 39, 50). Plaintiffs allege that Defendant Bank of America, N.A. violated the TCPA, 47 U.S.C. § 227(b), "by using an automated telephone dialing system to call the Plaintiffs' number, which is assigned to a cellular telephone and residential service." *Id.* at 51. Plaintiffs allege that the other Defendants violated the TCPA by acting "in cooperation" with Bank of America, N.A. *Id.*

The moving Defendants contend that the third cause of action for violation of the TCPA should be dismissed because "Plaintiffs have not alleged facts indicating they received any calls that fall within the TCPA." (ECF No. 45-1 at 14). The moving Defendants contend: "This is a wrongful foreclosure case, and any alleged calls made

by the loan servicer to Plaintiffs' residence were made regarding Plaintiffs' debt, or were for the purpose of discussing loan modification and foreclosure alternatives as required by statute." *Id.* Plaintiffs contend that the First Amended Complaint states a claim for violation of the TCPA, 47 U.S.C. § 227(b)(1)(B) and 47 U.S.C. § 227(b)(1)(A)(iii). (ECF No. 56 at 20-21).

The TCPA contains separate provisions for calls made to residential telephone lines and calls made to wireless telephone lines. *See* 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 227(b)(1)(A)(iii).[1]

### a.  Residential Telephone Lines

The prohibition relating to residential telephone lines contains express exceptions for certain calls. *See* 47 U.S.C. § 227(b)(2)(B). "The FCC, which has the authority to formulate regulations under the TCPA, has articulated the exemptions for debt collection calls made to residential lines as follows: (1) calls made between parties that have an established business relationship, and (2) calls made for commercial purposes other than unsolicited advertisements and telephone solicitations." *Mashiri v. Ocwen Loan Servicing, LLC*, No. 12-cv-02838-L-MDD, 2013 WL 5797584, at *3 (S.D. Cal. Oct. 28, 2013) (citing 47 C.F.R. 64.1200(a)(2)(iii-iv); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C.R. 8752, 8773 ¶ 39 (1992)). To the extent the First Amended Complaint alleges that Defendants

---

[1] The relevant provisions of the TCPA state:
It shall be unlawful for any person ...
    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– ...
        (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
    (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications] Commission....
47 U.S.C. § 227(b)(1).

violated the TCPA by placing calls to Plaintiffs' residential telephone number(s), the First Amended Complaint fails to adequately allege facts to support the conclusion that that these calls are not exempted from the TCPA.

### b. Cellular Telephone Service

"There is no exception for debt collectors in the statute, nor does the statute permit any regulatory agency to make exceptions to the sections applicable to cellular numbers." *Iniguez v. The CBE Group*, No. 2:13cv843, 2013 WL 4780785, at *5 (E.D. Cal. Sept. 5, 2013). "Accordingly, the TCPA applies to debt collectors and they may be liable for offending calls made to wireless numbers." *Mashiri*, 2013 WL 5797584, at *4 (quotation omitted).

The elements of a claim under the TCPA for calls made to a cellular phone are that (a) defendant made the call (b) to any telephone number assigned to a cellular telephone service, and (c) the call was made using any automatic telephone dialing system or an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

### i. Automatic Telephone Dialing System

The TCPA defines an automatic telephone dialing system as "equipment which has the capacity ... to store or produce telephone numbers to be called, using a random or sequential number generator [and] to dial such numbers." 47 U.S.C. § 227(a)(1). Based upon the allegations of the First Amended Complaint, Bank of America, N.A.'s alleged calls to Plaintiffs do not appear to have been "random," 47 U.S.C. § 227(a)(1); instead, the calls are alleged to be directed specifically toward Plaintiffs. Accordingly, the First Amended Complaint fails to plausibly allege facts to support the conclusion that any Defendant made a call to Plaintiffs' cellular telephone number using an automatic telephone dialing system. *See Ibey v. Taco Bell Corp.*, 12cv583-H-WVG, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) ("To constitute an ATDS under the statute, the equipment must have the capacity to store or produce telephone numbers to be sent text messages and use a random or sequential number generator to text the numbers. In a conclusory manner, Plaintiff alleges that Defendant used an ATDS....

According to Plaintiff's allegations, the text message did not appear to be random but in direct response to Plaintiff's message....  [T]he Court concludes that Plaintiff's complaint fails to sufficiently plead the use of an ATDS within the meaning of the TCPA."); *see also Freidman v. Massage Envy Franchising, LLC*, 12cv2962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) ("Plaintiffs allege that the texts that they received 'were placed via an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A).'  However, Plaintiffs allegations are nothing more than a 'formulaic recitation of the elements of a cause of action,' and do nothing more than assert a speculation.  The text messages are generic and impersonal, as Plaintiffs assert, but that is not enough to make the claims plausible. It is just as conceivable that the text messages were done by hand, or not using an ATDS.  The text messages that the Plaintiffs present are similar in content, but differ enough to make it appear as if an ATDS was not utilized....  The Court ... finds that Plaintiffs have not stated with a level of factual specificity a claim under the TCPA.") (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555).

### ii.        Artificial Or Prerecorded Voice

The First Amended Complaint fails to distinguish between alleged calls using an artificial or prerecorded voice to Plaintiffs' residential telephone number(s) and Plaintiffs' cellular telephone number(s).  The First Amended Complaint fails to adequately allege that any Defendant made a call to Plaintiffs' cellular telephone number using an artificial or prerecorded voice.  The Court finds that the First Amended Complaint fails to adequately state a claim under the TCPA.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  The Motion to Dismiss the third cause of action for violation of the TCPA is granted.

### 3.        Fair Credit Reporting Act

In the fourth cause of action of the First Amended Complaint for violation of the FCRA, Plaintiffs allege: "Defendants negligently violated 15 U.S.C. § 1681b(f) [of the FCRA] by obtaining Plaintiffs' consumer report without a permissible purpose as

defined by 15 U.S.C. § 1681b 30 times from January 2011-December 2012 from Transunion." (ECF No. 34 at 51).

The moving Defendants contend: "Plaintiffs allege no facts whatsoever to support this claim. Plaintiffs lump together the conduct of all defendants without distinguishing what conduct each individual defendant allegedly engaged in. Plaintiffs' allegations are merely boilerplate and copy the language of the statute." (ECF No. 45-1 at 14). Plaintiffs contend: "Defendants negligently violated the FCRA. Defendants violations include, but are not limited to, the following: ... Defendants negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiffs consumer report without a permissible purpose as defined by 15 U.S.C. §1681b." (ECF No. 56 at 21-22).[2]

The FCRA provides:

A person shall not use or obtain a consumer report for any purpose unless—

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f). Section 1681b(a) provides the circumstances under which "any consumer reporting agency may furnish a consumer report." 15 U.S.C. § 1681b(a). For example, "requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA." *Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009) (citing 15 U.S.C. § 1681b(a)(3)(A)).

The First Amended Complaint contains only a conclusory allegation that all Defendants violated the FCRA by obtaining Plaintiffs' consumer report without a permissible purpose. The First Amended Complaint fails to identify what each Defendant is alleged to have done, and fails to provide a factual basis for the claim. The

---

[2] In their opposition brief, Plaintiffs contend that Defendants violated the FCRA by "reporting fraudulent foreclosure information to all three credit bureaus, negatively impacting Plaintiffs' credit." (ECF No. 56 at 22). This claim is not alleged in the First Amended Complaint, *cf*. ECF No. 34 at 51, and is not considered in deciding the Motion to Dismiss.

FCRA allegations are insufficient to state a claim that is plausible pursuant to Federal Rule of Civil Procedure 8.  *See Iqbal*, 129 S. Ct. at 1949; *see also Pyle v. First Nat. Collection Bureau*, No. 12cv288, 2012 WL 1413970, at *3-*4 (E.D. Cal. Apr. 23, 2012) ("Plaintiff's complaint only provides conclusory statements that Defendant violated 15 U.S.C. § 1681b by obtaining Plaintiff's consumer report without a permissible purpose. Plaintiff has not provided a factual basis to support his claim....  Plaintiff's bare assertion that Defendant violated the FCRA, without providing a factual basis for those assertions, does not sufficiently state a claim.").  The Motion to Dismiss the fourth cause of action for violation of the FCRA is granted.

### 4.    Fourteenth Amendment

In the fourteenth cause of action, Plaintiffs allege that Defendants violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution. Plaintiffs allege that "Defendants do not have legal standing to foreclose or collect money, and continuing to harass Plaintiffs in an attempt to collect an alleged debt, and threaten to rob Plaintiffs of their right to their property without due process of law, is a violation of the Fourteenth Amendment."  (ECF No. 34 at 42).

The moving Defendants contend that the cause of action for violation of the Fourteenth Amendment should be dismissed because "Plaintiffs do not allege a state action."  (ECF No. 45-1 at 19).  Plaintiffs contend that "[t]he Fourteenth Amendment does apply as this is not a purely a private activity....  Foreclosure does involve state action; a foreclosure cannot be carried out without state involvement."  (ECF No. 56 at 26).

The Fourteenth Amendment to the United States Constitution provides: "No state shall ... deprive any person of life, liberty, or property, without due process of law." The Fourteenth Amendment "shields citizens from unlawful governmental actions, but does not affect conduct by private entities."  *Apao v. Bank of New York*, 324 F.3d 1091, 1093 (9th Cir. 2003).  Non-judicial foreclosure proceedings do not involve "state action" sufficient to support a claim for violation of the Fourteenth Amendment. *Id*. at

1095 ("While the bar for state action is low, non-judicial foreclosure procedures ... nevertheless slip under it for want of direct state involvement.") (citation omitted).  The First Amended Complaint fails to adequately allege a state action sufficient to state a claim for violation of the Fourteenth Amendment.  Accordingly, the Motion to Dismiss the fourteenth cause of action is granted.

### C.  State Law Claims

The remaining fourteen causes of action of the First Amended Complaint assert violations of California state laws.  Plaintiffs do not allege that this Court has diversity jurisdiction over this action.[3]  Plaintiffs allege that this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (ECF No. 34 at 2).

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Having dismissed the federal claims asserted by Plaintiff against the moving Defendants, the Court declines to exercise supplemental jurisdiction over the state law claims against the moving Defendants pursuant to 28 U.S.C. § 1367(c).  *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).

---

[3]  The First Amended Complaint alleges that Plaintiffs and four Defendants "reside" in California.  (ECF No. 34 at 2-3).  Accordingly, Plaintiffs have failed to allege complete diversity of citizenship between the parties.  *See* 28 U.S.C. § 1332(a)(2).

1  **IV.    Service on Non-Moving Defendants**

2         Three Defendants, ComUnity Lending, Inc., New Century Mortgage, and Ginnie

3  Mae (collectively, "non-moving Defendants"), have not entered appearances, and

4  Plaintiffs have filed no proofs of service indicating that any non-moving Defendant has

5  been served with the First Amended Complaint pursuant to Federal Rule of Civil

6  Procedure 4.  *See* Fed. R. Civ. P. 5(a)(2) ("[A] pleading that asserts a new claim for

7  relief against ... a party [who has failed to appear] must be served on that party under

8  Rule 4.").   No later than 120 days from the date this Order is filed, Plaintiffs are

9  required to file a proof of service indicating that the three non-moving Defendants have

10  been served with the First Amended Complaint pursuant to Rule 4.  *See* Fed. R. Civ. P.

11  4(m).

12  **V.    Conclusion**

13         IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED.  (ECF No.

14  45).  The Complaint is dismissed without prejudice as to the moving Defendants.  No

15  later than thirty (30) days from the date of this Order, Plaintiffs may file a motion for

16  leave to file a second amended complaint, accompanied by a proposed second amended

17  complaint.  The proposed second amended complaint must be complete in itself and

18  may not incorporate by reference any claims or allegations from any prior complaint.

19         IT IS FURTHER ORDERED that the Motion for Reconsideration of the

20  November 4, 2013 Order setting aside the Clerk's entry of default and denying the

21  motion for default judgment is DENIED.  (ECF No. 54).

22         IT IS FURTHER ORDERED that, as to the three non-moving Defendants (i.e.,

23  ComUnity Lending, Inc., New Century Mortgage, and Ginnie Mae), the Clerk of the

24  Court shall issue a summons as to the First Amended Complaint and provide Plaintiffs

25  with the summons, certified copies of both this Order and the First Amended Complaint

26  (ECF No. 34), and a blank U.S. Marshal Form 285.  Plaintiffs shall complete the U.S.

27  Marshal Form 285, and forward the Form 285 and the designated copies of this Order,

28  the March 22, 2013 Order, and the First Amended Complaint to the U.S. Marshal.  The

U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon the non-moving Defendants as directed by Plaintiffs on the U.S. Marshal Form 285.

DATED:  January 6, 2014

**WILLIAM Q. HAYES**
United States District Judge