1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | ELLINGTON DANIELS and DIANE          CASE NO. 13cv488-WQH-JMA

12 | DANIELS,                             ORDER

              Plaintiffs,

13       vs.

   | COMUNITY LENDING, INC.; NEW

14 | CENTURY MORTGAGE; THE

   | BANK OF AMERICA HOME

15 | LOANS; COUNTRYWIDE HOME

   | LOANS; BANK OF AMERICA, N.A.;

16 | GINNIE MAE; THE BANK OF NEW

   | YORK; MORTGAGE ELECTRONIC

17 | REGISTRATIONS SYSTEMS

   | (MERS); and RECONTRUST

18 | COMPANY, N.A.,

19                              Defendants.

20 HAYES, Judge:

21        The matters before to Court are (1) the Motion for Leave to File Second

22 Amended Complaint (ECF No. 64); (2) the Motion to Strike Plaintiffs' "Response in

23 Opposition to Motion to Dismiss Leave to File Second Amended Complaint" (ECF No.

24 75); and (3) the failure to effectuate service on Defendants ComUnity Lending, Inc. and

25 New Century Mortgage.

26 **I.    Background**

27        On January 6, 2014, the Court issued an Order granting a motion to dismiss filed

28 by Defendants Bank of New York Mellon, Bank of America, N.A., Countrywide Home

1  Loans, Inc., ReconTrust Company, N.A., and Mortgage Electronic Registration

2  Systems, Inc. (collectively, "moving Defendants"), and dismissing the First Amended

3  Complaint without prejudice as to the moving Defendants.  (ECF No. 60).  In the same

4  Order, the Court ordered Plaintiffs to file a proof of service within 120 days indicating

5  that Defendants ComUnity Lending, Inc., New Century Mortgage, and Ginnie Mae

6  (collectively, "unserved Defendants") have been served with the First Amended

7  Complaint pursuant to Federal Rule of Civil Procedure 4.  *Id.* at 14.  The Court ordered

8  the U.S. Marshal to serve the unserved Defendants as directed by Plaintiffs pursuant to

9  Rule 4(c)(3).

10        On February 4, 2014, Plaintiffs, proceeding pro se and in forma pauperis, filed

11  a Motion for Leave to File Second Amended Complaint.  (ECF No. 64).  Attached to

12  the motion is a proposed second amended complaint and exhibits.  *Id.* at 4-49.

13        On February 6, 2014, the U.S. Marshal filed unexecuted returns of service

14  indicating that Defendants ComUnity Lending, Inc. and New Century Mortgage were

15  no longer at the address provided by Plaintiffs and no forwarding address was known.

16  (ECF Nos. 67, 68).

17        On February 24, 2014, the moving Defendants filed an opposition to the Motion

18  for Leave to File Second Amended Complaint.  (ECF No. 64).  The moving Defendants

19  contend that the proposed amendment is futile.

20        On March 10, 2014, Plaintiffs filed a "Response in Opposition to the Motion to

21  Dismiss Leave to File Second Amended Complaint."  (ECF No. 74).  Plaintiffs assert

22  that "[t]he Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint

23  should be denied."  *Id.* at 3.

24        On March 18, 2014, the moving Defendants filed the "Motion to Strike Plaintiffs'

25  'Response in Opposition to the Motion to Dismiss Leave to File Second Amended

26  Complaint.'"  (ECF No. 75).  The moving Defendants contend that Plaintiffs' response

27  brief filed on March 10, 2014 "appear[s] to oppose a motion to dismiss," which "is not

28  before the Court."  (ECF No. 75-1 at 2).  The moving Defendants contend that

1   Plaintiffs' response brief "should be deemed a reply in support of their motion for leave
2   to amend, and it should be stricken as untimely." *Id*.
3       On April 18, 2014, the U.S. Marshal filed an executed return of service indicating
4   that Defendant Ginnie Mae was served.  (ECF 77).

5   **II.    Discussion**

6       **A.    Service on ComUnity Lending, Inc. and New Century Mortgage**

7       Plaintiffs have failed to effectuate service on Defendants ComUnity Lending, Inc.
8   and New Century Mortgage as ordered by the Court in the January 6, 2014 Order.  "It
9   is plaintiff's responsibility to provide accurate addresses for defendants in order that
10  they can be served by the United States Marshal." *Furnace v. Knuckles*, No. 09-6075-
11  MMC, 2011 WL 3809770 at *2 (N.D. Cal. Aug. 29, 2011); *see also Petty v. Shojaei*,
12  No. 12-1220-JAK, 2013 WL 5890136, at *15 (C.D. Cal. Oct. 31, 2013) (collecting
13  cases).  Federal Rule of Civil of Procedure 4(m) provides that "[i]f a defendant is not
14  served within 120 days after the complaint is filed, the court—on motion or on its own
15  after notice to the plaintiff—must dismiss the action without prejudice against that
16  defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).
17  This Order constitutes notice to Plaintiffs that the Court will dismiss this action without
18  prejudice as to Defendants ComUnity Lending, Inc. and New Century Mortgage on
19  June 2, 2014, unless, before that date, Plaintiffs file a declaration under penalty of
20  perjury showing good cause for failure to timely serve Defendants ComUnity Lending,
21  Inc. and New Century Mortgage, accompanied by a motion for leave to serve process
22  outside of the 120-day period.

23      **B.    Motion for Leave to File Second Amended Complaint**

24      Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given
25  when justice so requires." Fed. R. Civ. P. 15(a).  "This policy is to be applied with
26  extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
27  Cir. 2003) (quotation omitted).  In determining whether to allow an amendment, a court
28  considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing

1 party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not

2 all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice

3 to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at

4 1052 (citation omitted). "The party opposing amendment bears the burden of showing

5 prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

6 "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there

7 exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*

8 *Capital*, 316 F.3d at 1052.

9       After review of the Motion for Leave to File Second Amended Complaint and

10 the filings of the parties, the Court concludes that the moving Defendants have not

11 made a sufficiently strong showing of the *Foman* factors to overcome the presumption

12 under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d

13 at 1052. The Court will defer consideration of any challenge to the merits of the

14 proposed second amended complaint until after the amended pleading is filed. *See*

15 *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts

16 will defer consideration of challenges to the merits of a proposed amended pleading

17 until after leave to amend is granted and the amended pleading is filed."). The Motion

18 for Leave to File Second Amended Complaint is granted, and the Motion to Strike

19 Plaintiffs' "Response in Opposition to the Motion to Dismiss Leave to File Second

20 Amended Complaint" is denied.

21 **III.   Conclusion**

22       IT IS HEREBY ORDERED that the Court will dismiss this action without

23 prejudice as to Defendants ComUnity Lending, Inc. and New Century Mortgage on

24 June 2, 2014, unless, before that date, Plaintiffs file a declaration under penalty of

25 perjury showing good cause for failure to timely serve Defendants ComUnity Lending,

26 Inc. and New Century Mortgage, accompanied by a motion for leave to serve process

27 outside of the 120-day period.

28       IT IS FURTHER ORDERED that Motion for Leave to File Second Amended

1  Complaint is GRANTED (ECF No. 64), and the Motion to Strike Plaintiffs' "Response

2  in Opposition to the Motion to Dismiss Leave to File Second Amended Complaint" is

3  DENIED (ECF No. 75).   The Clerk of the Court shall file the document entitled

4  "Plaintiffs' Second Amended Complaint" (ECF No. 64 at 4-49) as a new docket entry,

5  and this document will be construed as the Second Amended Complaint and the

6  operative pleading in this case.   The moving Defendants shall respond to the Second

7  Amended Complaint no later than fourteen (14) days from the date this Order is filed.

8  *See* Fed. R. Civ. P. 15(a)(3).

9
   DATED:  May 14, 2014
10

11                                        **WILLIAM Q. HAYES**
                                          United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28