# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLINGTON DANIELS and DIANE DANIELS,<br><br>                 Plaintiffs,<br>vs.<br>COMUNITY LENDING, INC.; BANK OF NEW YORK; BANK OF AMERICA, N.A.; GINNIE MAE; and JOHN DOES (Investors) 1-10,000, *et al.*,<br>                 Defendants. | CASE NO. 13cv488-WQH-JMA<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Defendants Bank of New York, Bank of America, N.A., Countrywide Home Loans, ReconTrust Company, N.A., Bank of America Home Loans, and Mortgage Electronic Registration Systems (collectively, "moving Defendants") (ECF No. 80), and the Court's Order requiring Plaintiffs to show cause why Defendants ComUnity Lending, Inc. and New Century Mortgage should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) (ECF No. 78).

## BACKGROUND

      On May 14, 2014, the Court issued an Order which stated:

> Plaintiffs have failed to effectuate service on Defendants ComUnity Lending, Inc. and New Century Mortgage as ordered by the Court in the January 6, 2014 Order.... This Order constitutes notice to Plaintiffs that

> the Court will dismiss this action without prejudice as to Defendants ComUnity Lending, Inc. and New Century Mortgage on June 2, 2014, unless, before that date, Plaintiffs file a declaration under penalty of perjury showing good cause for failure to timely serve Defendants ComUnity Lending, Inc. and New Century Mortgage, accompanied by a motion for leave to serve process outside of the 120-day period.

(ECF No. 78 at 3). The docket reflects that the May 14, 2014 Order was mailed to Plaintiffs at the address listed in the Second Amended Complaint, which is the operative pleading.

On May 28, 2014, the moving Defendants filed the Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 80). The Motion to Dismiss was assigned a hearing date of July 14, 2014. *Id*. at 1. The Motion to Dismiss contains proofs of service indicating that Plaintiffs were served with the Motion to Dismiss and the accompanying memorandum and request for judicial notice. *Id*. at 6; ECF No. 80-1 at 26; ECF No. 80-2 at 7.

The docket reflects that Plaintiffs failed to respond to the May 14, 2014 Order and failed to oppose or respond to the Motion to Dismiss.

## DISCUSSION

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

1  The Motion to Dismiss contains proofs of service indicating that Plaintiffs were served with the Motion to Dismiss. The Motion to Dismiss and the Court's docket reflect that the hearing for the Motion to Dismiss was noticed for July 14, 2014. Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. Local Rule 7.1(e)(2). The docket reflects that Plaintiffs have failed to file an opposition. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No. 80). The Second Amended Complaint is DISMISSED without prejudice as to Defendants Bank of New York, Bank of America, N.A., Countrywide Home Loans, ReconTrust Company, N.A., Bank of America Home Loans, and Mortgage Electronic Registration Systems.

IT IS FURTHER ORDERED that, pursuant to the Court's May 14, 2014 Order and Federal Rule of Civil Procedure 4(m), the Second Amended Complaint is DISMISSED without prejudice as to Defendants ComUnity Lending, Inc. and New Century Mortgage.

DATED: July 21, 2014

**WILLIAM Q. HAYES**
United States District Judge