# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLINGTON DANIELS and DIANE DANIELS,<br><br>    Plaintiffs,<br>vs.<br>COMUNITY LENDING, INC.; NEW CENTURY MORTGAGE; THE BANK OF AMERICA HOME LOANS; COUNTRYWIDE HOME LOANS; BANK OF AMERICA, N.A.; GINNIE MAE; THE BANK OF NEW YORK; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS (MERS); and RECONTRUST COMPANY, N.A.,<br><br>    Defendants. | CASE NO. 13cv488-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before to Court is Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 86).

**I.     Background**

On February 28, 2013, Plaintiffs Initiated this action filing the Complaint. (ECF No 1). On June 5, 2013, the Court issued an Order granting a motion to dismiss filed by Defendants Bank of New York, Bank of America, N.A., Countrywide Home Loans, Inc., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc. (ECF No. 30). On July 9, 2013, Plaintiffs filed a First Amended Complaint. (ECF No. 34). On August 12, 2013, the Court issued an Order granting a motion to dismiss filed

1  by Defendants Bank of New York, Bank of America, N.A., Countrywide Home Loans,
2  Inc., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc.
3  (ECF No. 44).
4       On May 14, 2014, Plaintiffs filed a Second Amended Complaint. (ECF No. 79).
5  On July 21, 2014, the Court issued an Order granting a motion to dismiss filed by
6  Defendants Bank of New York, Bank of America, N.A., Countrywide Home Loans,
7  Inc., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc.,
8  and dismissing the Second Amended Complaint without prejudice as to those
9  Defendants. (ECF No. 82).
10      On August 12, 2014, and August 26, 2014, Plaintiffs filed a proposed Third
11 Amended Complaint (ECF Nos. 84, 86). On September 3, 2014, the moving
12 Defendants filed an opposition. (ECF No. 87). On September 5, Plaintiffs filed a reply.
13 (ECF No. 88).

14 **II.   Contentions**

15      The moving Defendants contend that the proposed amendment is futile. *Id*. at 3.
16 The moving Defendants further contend that "[i]n previous Orders, the Court invited
17 Plaintiffs to file motions for leave to file an amended Complaint. In the latest order, the
18 Court dismissed the Complaint without prejudice. The Matter is closed and the lawsuit
19 dismissed." *Id*.

20      Plaintiffs contend that the Complaint was dismissed "'without' prejudice without
21 any loss or waiver of rights or privileges *Id*. at 4.

22 **III.  Discussion**

23      **A.   Motion for Leave to File Second Amended Complaint**

24      Federal Rule of Civil Procedure 15 states, "A party may amend its pleading once
25 as a matter of course..." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may
26 amend its pleading only with the opposing party's consent or the courts leave." Fed.
27 R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 15 mandates that leave to amend
28 "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be

applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the Motion for Leave to File Third Amended Complaint and the filings of the parties, the Court concludes that the moving Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed third amended complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). The Motion for Leave to File Third Amended Complaint is granted.

**III. Conclusion**

IT IS HEREBY ORDERED that Motion for Leave to File Third Amended Complaint is GRANTED. (ECF No. 86). Plaintiffs shall file a third amended complaint within twenty (20) days of the date this order is filed.

DATED: September 26, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge