1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ELLINGTON DANIELS and DIANE            CASE NO. 13cv488-WQH-JMA
     DANIELS,
12                                           ORDER
                              Plaintiffs,
13           vs.
     COMUNITY LENDING, INC.;
14   BANK OF NEW YORK; BANK OF
     AMERICA, N.A.; RECONTRUST
15   COMPANY, N.A.; GINNIE MAE;
     ET. AL; NEW CENTURY
16   MORTGAGE; BAC HOME LOANS
     SERVICING, LP; COUNTRYWIDE
17   HOME LOANS; MORTGAGE
     ELECTRONIC REGISTRATION
18   SYSTEMS; CLEAR RECON CORP.;
     and JOHN DOES (Investors) 1-10,000,
19
20                            Defendants.

21   HAYES, Judge:

22           The matters before the Court are: (1) the Motion to Dismiss Plaintiffs' Fourth

23   Amended Complaint filed by Defendants (ECF No. 103), (2) the "Motion to Strike

24   Defendants Documents Dispute Authenticity" filed by Plaintiffs (ECF No. 107), (3) the

25   "Amended Motion to Strike Defendants Immaterial Evidence Dispute Authenticity"

26   filed by Plaintiffs (ECF No. 121), (4) the Motion to Strike Defendants' Answer to

27   Plaintiffs' Fourth Amended Complaint filed by Plaintiffs (ECF No. 119), (5) the Motion

28   for Default Judgment filed by Plaintiffs (ECF No. 118), (6) the Amended Motion for

     Default Judgment filed by Plaintiffs (ECF No. 120), and (7) the Motion for a Permanent

1  Injunction filed by Plaintiffs (ECF No. 121).

2  **I.      Background**

3          On February 28, 2013, Plaintiffs Ellington and Diane Daniels commenced this
4  action by filing a Complaint in this Court. (ECF No. 1). The Complaint asserted claims
5  for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the
6  Telephone Consumer Protection Act ("TCPA"), and violations of the U.S. Constitution.
7  On April 16, 2013, Defendants Bank of New York, Bank of America, N.A. ("Bank of
8  America"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic
9  Registration Systems, Inc. ("MERS") filed a motion to dismiss the Complaint. (ECF
10  No. 10). On June 5, 2013, the Court granted the motion to dismiss and dismissed the
11  Complaint without prejudice. (ECF No. 30).

12          On July 9, 2013, Plaintiffs filed the First Amended Complaint ("FAC"). (ECF
13  No. 34). The FAC reasserted claims for violation of the FDCPA, violation of the
14  TCPA, and constitutional violations, and added a claim for violation of the Fair Credit
15  Reporting Act ("FCRA") and various state-law claims. On August 26, 2013,
16  Defendants The Bank of New York, Bank of America, Countrywide Home Loans, Inc.
17  ("Countrywide"), ReconTrust, and MERS filed a motion to dismiss. (ECF No. 45). On
18  January 6, 2014, the Court granted the motion to dismiss and dismissed the FAC
19  without prejudice. (ECF No. 60).

20          On May 14, 2014, Plaintiffs filed the Second Amended Complaint ("SAC").
21  (ECF No. 79). On May 28, 2014, Defendants The Bank of New York, Bank of
22  America, Countrywide, ReconTrust, and MERS filed a motion to dismiss. (ECF No.
23  80). On July 21, 2014, the Court granted the unopposed motion to dismiss and
24  dismissed the SAC without prejudice. (ECF No. 82). On September 29, 2014,
25  Plaintiffs filed the Third Amended Complaint. (ECF No. 90).

26          On November 14, 2014, Plaintiffs filed the Fourth Amended Complaint ("Fourth
27  AC"), which is the operative pleading in this case. (ECF No. 97). The Fourth
28  Amended Complaint names ComUnity Lending, Inc., New Century Mortgage, BAC

Home Loans Servicing, LP, Countrywide, Bank of America, Ginnie Mae, The Bank of New York, MERS, ReconTrust, and Clear Recon Corp. as Defendants.

On December 3, 2014, Defendants Bank of New York Mellon (formerly known as The Bank of New York), Bank of America, Countrywide, ReconTrust, and MERS (collectively "Moving Defendants") filed the Motion to Dismiss Plaintiffs' Fourth Amended Complaint, accompanied by a request for judicial notice.[1]  (ECF No. 103). On January 5, 2015, Plaintiffs filed a document titled "Response in Accordance with F.R.C.P. 15(a)(1)(B) to Defendants 12(b) Motion Amended Complaint" that included a one-paragraph memorandum of points and authorities.  (ECF No. 109).

On January 5, 2015, Plaintiffs filed a fifth amended complaint.  (ECF No. 113). On January 7, 2015, the Court issued an order striking the fifth amended complaint because Plaintiffs did not obtain leave of Court or consent of Defendants to file it. (ECF No. 114).  The January 7, 2015 Order stated: "Within fifteen (15) days of this Order, Plaintiffs shall file a response to Defendants' Motion to Dismiss Fourth Amended Complaint."  *Id.* at 2.  On January 28, 2015, Plaintiffs filed an opposition to the Motion to Dismiss.  (ECF No. 125).

On January 5, 2015, Plaintiffs filed the "Motion to Strike Defendants Documents Dispute Authenticity." (ECF No. 107).  On January 8, 2015, Plaintiffs filed the Motion for Default Judgment. (ECF No. 118).  On January 12, 2015, Plaintiffs filed the Motion to Strike Defendants' Answer to Plaintiffs' Fourth Amended Complaint.  (ECF No. 119).  On January 12, 2015, Plaintiffs filed the Amended Motion for Default Judgment. (ECF No. 120).  On January 12, 2015, Plaintiffs filed the "Amended Motion to Strike Defendants Immaterial Evidence Dispute Authenticity." (ECF No. 121).  On January 21, 2015, Plaintiffs filed the Motion for a Preliminary Injunction. (ECF No. 122).  On February 3, 2015, Defendant Clear Recon Corp. filed an opposition, which Bank of New York Mellon, Bank of America, Countrywide, ReconTrust, and MERS joined.

---

[1]  On January 8, 2015, Defendant Clear Recon Corp. filed a notice of joinder to the Motion to Dismiss.  (ECF No. 116).  "Moving Defendants" hereinafter includes Defendant Clear Recon Corp.

1  (ECF Nos. 126, 128).

2  **II.  Motions to Strike (ECF Nos. 107, 119, 121)**

3      **A.  "Motion to Strike Defendants Documents Dispute Authenticity" (ECF**
4      **No. 107) and "Amended Motion to Strike Defendants Immaterial Evidence**
5      **Dispute Authenticity" (ECF No. 121)**

6      The document titled "Motion to Strike Defendants Documents Dispute
7  Authenticity" moves to "strike defendants [sic] extrinsic and intrinsic fraudulent
8  documentary evidence" and contends that Defendants' evidence is not judicially
9  noticeable.  (ECF No. 107 at 1).  The only evidence in this case submitted by
10 Defendants is in the Request for Judicial Notice accompanying the Motion to Dismiss.
11 (ECF No. 103-2).  Federal Rule of Civil Procedure 12(f) provides that "[t]he court may
12 strike from a *pleading* any insufficient defense or any redundant, immaterial,
13 impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  The
14 Federal Rules of Civil Procedure allow only the following pleadings: a complaint, an
15 answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-
16 party complaint, an answer to a third-party complaint, and a reply to an answer.  *See*
17 Fed. R. Civ. P. 7(a).  Requests for judicial notice are not subject to Rule 12(f) striking.
18 Plaintiffs have not identified any other authority for striking Defendants' Request for
19 Judicial Notice.

20     Plaintiffs' "Motion to Strike Defendants Documents Dispute Authenticity" (ECF
21 No. 107) and "Amended Motion to Strike Immaterial Evidence Dispute Authenticity"
22 (ECF No. 121) are denied.  The Court construes ECF Nos. 107 and 121 as oppositions
23 to Defendants' Request for Judicial Notice (ECF No. 103-2).

24     **B.  Motion to Strike Defendants Answer to Plaintiffs' Fourth Amended**
25     **Complaint (ECF Nos. 119)**

26     Plaintiffs move to strike Defendants' answer to Plaintiffs' Fourth Amended
27 Complaint. Plaintiffs' motion addresses various affirmative defenses allegedly asserted
28 by Defendants, and addresses the merits of each of Plaintiffs' claims for relief asserted

1  in the Fourth AC.

2      Defendants have not filed an answer to the Fourth Amended Complaint.  The

3  Moving Defendants filed a motion to dismiss.  *See* Fed. R. Civ. P. 12(b).  Plaintiffs'

4  Motion to Strike Defendants' Answer to Plaintiffs Fourth Amended Complaint (ECF

5  No. 119) is denied as moot.

6  **III.  Motion to Dismiss (ECF No. 103)**

7      Defendants  Bank of New York Mellon, Bank of America, Countrywide Home

8  Loans, Inc., ReconTrust, and MERS move to dismiss all claims asserted against them

9  in the Fourth AC with prejudice.

10      **A.  Allegations of the Fourth AC**

11      Plaintiffs own equitable and legal title to the property at issue.  Plaintiffs entered

12  into a contractual agreement with Defendant ComUnity Lending.  "Plaintiffs have no

13  contacts with Bank of America, N.A. or any of the other defendants."  (ECF No. 97 at

14  6).  Defendant Bank of America committed fraud by falsifying the deed of trust on

15  Plaintiffs' property by stating that Plaintiff Ellington Daniels "personally appeared" in

16  San Bernardino on June 15, 2006, even though Plaintiff Ellington Daniels was never

17  present.  *Id.* at 6-7.

18      Defendant Bank of America further committed fraud by filing an assignment of

19  the deed of trust with the county recorder.  Defendant Bank of America further

20  committed fraud by falsely asserting that Plaintiffs' property was in default, and

21  demanding payment in excess of $400,000.  Defendant Bank of America further

22  committed fraud by recording another fraudulent deed of trust "illegally transferring

23  assignment to Clear Recon Trust."  *Id.* at 7.  "Defendants used fraud to place Plaintiffs

24  [sic] property in foreclosure."  *Id.*

25      Because Plaintiffs "attack the validity of the underlying alleged debt, ... tender

26  is not required since it would constitute an affirmation of the unlawful debt" and the

27  "deed is void on its face."  *Id.* at 8.

28      Defendants are debt collectors as defined by the Fair Debt Collection Practices

Act ("FDCPA"), and Plaintiffs are consumers as defined by the FDCPA. Defendants violated the FDCPA, sections 1692(e) and 1692(f) by demanding "to collect in excess $400,000, an illegal lump sum of money, on an alleged debt, not validated, and not permitted by law, defendants had no authority to make, and threatened to unlawfully begin foreclosure on Plaintiffs [sic] property." *Id.* at 9. Because Defendant ReconTrust was employed by the other Defendants to conduct non-judicial foreclosure, ReconTrust is jointly liable for violating the FDCPA. Because Defendant ReconTrust lacks the power of sale, Defendant ReconTrust's foreclosure activity falls within the FDCPA's definition of "debt collection." *Id.* at 10. Defendants Bank of America, Countrywide Home Loans, Bank of America Home Loans, Bank of New York Mellon, Ginnie Mae, MERS, and New Century failed to validate the alleged debt in response to Plaintiff's Qualified Written Request ("QWR"), sent on November 27, 2012, and violated the FDCPA by "demanding to collect" on a illegal sum of money that was not validated. *Id.* at 9.

Defendants violated the Telephone Consumer Practices Act ("TCPA") by continuing to contact Plaintiffs by telephone regarding the alleged debt, despite Plaintiffs giving Defendant Bank of America written notice to validate the alleged debt and to cease and desist "calling, writing, and contacting Plaintiffs." *Id.* at 17. "Plaintiffs were harassed by Defendant Bank of America, N.A., from January 3, 2011 through March 11, 2014. The frequency of calls increased, to Plaintiffs cell phones, and residential phones 3-5 times per day, all hours of the day, calls were before 8AM in the morning, and other calls were after 9PM, causing the phone to ring repeatedly, and continuously with intent to annoy, abuse and to harass Plaintiffs." *Id.* "Defendant Bank of America, N.A., placed random telephone calls, using an automatic telephone dialing system, and left prerecorded voice messages, to Plaintiffs cell phones, and residential phones." *Id.* "Prior to January 2, 2011, when Plaintiffs received calls from Bank of America, N.A., human agents, Plaintiffs demanded cease and desist calling [sic], Defendants Bank of America, N.A., responded with insults, and threaten [sic] to take

legal action to collect the alleged debt, and calls continued with even more frequency." *Id.* at 18.  Defendants violated the TCPA because they had no business relationship or contractual agreement with Plaintiffs.

Defendant Bank of America violated the Fair Credit Reporting Act ("FCRA") by pulling Plaintiffs credit report "without permissible purpose" and reporting "false information to all credit bureaus."  *Id.* at 20.

Defendant Bank of America violated the Truth In Lending Act ("TILA") by submitting fraudulent documents to the county recorder and seeking to collect a debt they did not own.  Defendant Bank of America failed to disclose the amounts paid by Plaintiffs.

Plaintiffs assert the following claims for relief: (1) violation of the FDCPA; (2) violation of the TCPA; (3) violation of the FCRA; (4) violation of TILA; (5) violation of the Fifth and Fourteenth Amendments' due process clauses; (6) violation of the Fifth and Fourteenth Amendments' equal protection clauses; (8) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and various state law claims.

**B.  12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (stating that averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted).

**C. Discussion**

   **i. FDCPA**

The Moving Defendants contend that Plaintiffs have failed to state an FDCPA claim because they have failed to identify which provisions of the FDCPA were violated or allege facts showing how these various provisions were violated.  Plaintiffs contend that they have alleged that Defendants are debt collectors subject to the

FDCPA. Plaintiffs contend that Defendants are debt collectors because the deed of trust is a "fraud;" therefore, Defendants have no contracts with Plaintiffs. (ECF No. 125 at 9). Plaintiffs contend that they have adequately alleged that Defendant Bank of America violated the FDCPA by continuing debt collection activities, despite Plaintiffs sending Defendant Bank of America a Qualified Written Request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA"). Plaintiffs contend that they have adequately alleged that Defendants Bank of America and ReconTrust violated the FDCPA by sending "threatening dunning letters" that "demanded from Plaintiffs to collect an unlawful lump sum in excess of $400,000 on an alleged debt, not validated and not permitted by law...." *Id*. at 9.

The Fourth AC alleges violations of 15 U.S.C. sections 1692(e)-(f), 1692d(4), 1692e(5), 1692e(13), 1692f(6), and 1692e(13). The Fourth AC alleges that Plaintiffs sent all Defendants a QWR pursuant to RESPA,[2] but Defendants did not validate the alleged debt and instead attempted to collect on it. The Fourth AC alleges that Defendants violated the FDCPA by attempting to collect an illegal and unvalidated debt and unlawfully foreclosing on Plaintiffs' property. The Fourth AC alleges that the debt is illegal because the deed of trust was fraudulently recorded.

The FDCPA applies to debt collectors, but not to creditors. *See Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition of debt collector is "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity ... (iii)

---

[2] Neither party construes the Fourth AC as asserting an independent claim for violation of RESPA in their briefing. Although both the Fourth AC and Plaintiffs' opposition reference RESPA, Plaintiffs discuss RESPA in both instances in the context of their FDCPA claim. The Court does not construe the Fourth AC as asserting a claim for violation of RESPA.

concerns a debt which was not in default at the time it was obtained." *See* 15 U.S.C. § 1692a(6)(F).

"It is ... well-established that a loan servicer is not a debt collector for those purposes if it acquired the loan before the borrower was in default." *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996, 2012 WL 6553988, at *19 (N.D. Cal. Dec. 14, 2012) (citing *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011), *affirmed in relevant part*, 720 F.3d 1204 (9th Cir. 2013)); *see also Satre v. Wells Fargo Bank, N.A.*, No. C 10-01405, 2013 WL 5913752, at *3-4 (N.D. Cal. Nov. 1, 2013) (collecting cases). Furthermore, a complaint must "provide [a] factual basis from which [the court] could plausibly infer that" a defendant falls within the FDCPA's definition of a "debt collector." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013). The Fourth AC fails to allege facts to demonstrate that any Defendant acquired Plaintiffs' loan after Plaintiffs were in default. The Fourth AC fails to allege any facts to permit the plausible inference that any Defendant falls under the FDCPA's definition of a "debt collector."

Because the Fourth AC's FDCPA claim suffers from the same deficiency identified by the Court with respect to Plaintiffs' Complaint and First Amended Complaint (ECF Nos. 30, 60), the Court finds that further amendment would be futile. The motion to dismiss Plaintiffs' FDCPA claim is granted with prejudice.

### ii. TCPA

The Moving Defendants contend that Plaintiffs have failed to state a violation of the TCPA for making calls to Plaintiffs' residential telephone lines because the Moving Defendants had an established business relationship with Plaintiffs, namely, rights to collect payment on Plaintiffs' deed of trust. The Moving Defendants contend that Plaintiffs' conclusory allegation that they had no business relationship with the Moving Defendants fails to state a claim. The Moving Defendants contend that Plaintiffs have failed to state a violation of the TCPA for making calls to Plaintiffs' cellular telephone lines because they have failed to allege facts showing that calls placed by the Moving

1   Defendants were random.  Plaintiffs oppose dismissal of their TCPA claim and repeat

2   the TCPA allegations contained in the Fourth AC.

3        The Fourth AC alleges that Defendants violated the TCPA by making repeated

4   phone calls to Plaintiffs residential and cellular phone lines using an automated system,

5   and leaving "random and generic and impersonal texted [sic] messages" and

6   "prerecorded voice calls."  (ECF No. 97 at 17).

7        The TCPA contains separate provisions for calls made to residential telephone

8   lines and calls made to wireless telephone lines.  *See* 47 U.S.C. § 227(b)(1)(B); 47

9   U.S.C. § 227(b)(1)(A)(iii).[3]

10                    **a. Residential Telephone Lines**

11        The prohibition relating to residential telephone lines contains express exceptions

12   for certain calls.  *See* 47 U.S.C. § 227(b)(2)(B).  "The FCC, which has the authority to

13   formulate regulations under the TCPA, has articulated the exemptions for debt

14   collection calls made to residential lines as follows: (1) calls made between parties that

15   have an established business relationship, and (2) calls made for commercial purposes

16   other than unsolicited advertisements and telephone solicitations."  *Mashiri v. Ocwen*

17   *Loan Servicing, LLC*, No. 12-cv-02838-L-MDD, 2013 WL 5797584, at *3 (S.D. Cal.

18   ─────────────────

19        [3]  The relevant provisions of the TCPA state:

20   It shall be unlawful for any person ...

21        (A) to make any call (other than a call made for emergency purposes or
        made with the prior express consent of the called party) using any
22        automatic telephone dialing system or an artificial or prerecorded voice–
        ...

23             (iii) to any telephone number assigned to a paging service,
             cellular telephone service, specialized mobile radio service,
24             or other radio common carrier service, or any service for
             which the called party is charged for the call;

25        (B) to initiate any telephone call to any residential telephone line using an
26        artificial or prerecorded voice to deliver a message without the prior
        express consent of the called party, unless the call is initiated for
27        emergency purposes or is exempted by rule or order by the [Federal
        Communications] Commission....

28   47 U.S.C. § 227(b)(1).

Oct. 28, 2013) (citing 47 C.F.R. 64.1200(a)(2)(iii-iv); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C.R. 8752, 8773 ¶ 39 (1992)).

This Court has determined that, "[t]o the extent the [Fourth] Amended Complaint alleges that Defendants violated the TCPA by placing calls to Plaintiffs' residential telephone number(s), the [Fourth] Amended Complaint fails to adequately allege facts to support the conclusion that these calls are not exempted from the TCPA." (ECF No. 60 at 8-9). The Court need not accept as true the conclusory allegation that Defendants have no business relationship with Plaintiffs. *Iqbal*, 556 U.S. at 678. To the extent Plaintiffs draw this conclusion from the allegation that Defendant Bank of America forged and fraudulently recorded the deed of trust, Plaintiffs fail to allege fraud with the particularity required by Rule 9(b). *Swartz*, 476 F.3d at 764 (stating that Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations").

### b. Cellular Telephone Service

"There is no exception for debt collectors in the statute, nor does the statute permit any regulatory agency to make exceptions to the sections applicable to cellular numbers." *Iniguez v. The CBE Group*, No. 2:13cv843, 2013 WL 4780785, at *5 (E.D. Cal. Sept. 5, 2013). "Accordingly, the TCPA applies to debt collectors and they may be liable for offending calls made to wireless numbers." *Mashiri*, 2013 WL 5797584, at *4 (quotation omitted). The elements of a claim under the TCPA for calls made to a cellular phone are that (a) defendant made the call (b) to any telephone number assigned to a cellular telephone service, and (c) the call was made using any automatic telephone dialing system or an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

### I. Automatic Telephone Dialing System

The TCPA defines an automatic telephone dialing system as "equipment which has the capacity ... to store or produce telephone numbers to be called, using a random

or sequential number generator [and] to dial such numbers." 47 U.S.C. § 227(a)(1). This Court has determined that, "[b]ased upon the allegations of the [Fourth] Amended Complaint, Bank of America, N.A.'s alleged calls to Plaintiffs do not appear to have been 'random,' 47 U.S.C. § 227(a)(1); instead, the calls are alleged to be directed specifically toward Plaintiffs. Accordingly, the [Fourth] Amended Complaint fails to plausibly allege facts to support the conclusion that any Defendant made a call to Plaintiffs' cellular telephone number using an automatic telephone dialing system." (ECF No. 60 at 9) (citing *Ibey v. Taco Bell Corp.*, 12cv583-H-WVG, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) and *Freidman v. Massage Envy Franchising, LLC*, 12cv2962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013)).

## II.   Artificial Or Prerecorded Voice

The Fourth AC alleges that calls to Plaintiffs cellular telephones included prerecorded voice calls. However, the Fourth AC alleges no facts to make this allegation plausible. *Iqbal*, 556 U.S. 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." ).

### c.   Conclusion

Because Fourth AC suffers from the same deficiencies identified by the Court with respect to the Complaint and First Amended Complaint (ECF Nos. 30, 60), the Court finds that further amendment would be futile. The motion to dismiss is granted with prejudice.

### iii.   FCRA

The Moving Defendants contend that the Fourth AC fails to allege facts showing how Defendants violated the FCRA, just as the First Amended Complaint failed to do. Plaintiffs oppose dismissal of their FCRA claim and repeat the allegations contained in the Fourth AC. Plaintiffs contend that they have cited the provisions of the FCRA that Defendants violated.

The Fourth AC alleges that Defendant Bank of America violated the FCRA by pulling Plaintiffs credit report "without permissible purpose" and reporting "false

information to all credit bureaus." (ECF No. 97 at 20).

      The FCRA provides:

> A person shall not use or obtain a consumer report for any purpose unless—
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f). Section 1681b(a) provides the circumstances under which "any consumer reporting agency may furnish a consumer report." 15 U.S.C. § 1681b(a). For example, a consumer report is authorized to be furnished by a consumer reporting agency to "a person which [a consumer reporting agency] has reason to believe ... (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer...." 15 U.S.C. § 1681b(a)(3). To qualify as a permissible purpose under section 1681b(a)(3)(A), a "credit transaction must both (1) be a credit transaction involving the consumer on whom the information is to be furnished and (2) involve the extension of credit to, or review or collection of an account of, the consumer." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010) (en banc) (quotations omitted). "[A] person is 'involved' in a credit transaction for purposes of § 1681b(a)(3)(A) where she is 'draw[n] in as a participant' in the transaction, but not where she is 'oblige[d] to become associated' with the transaction." *Id.* at 675 (citing *Andrews v. TRW, Inc.*, 225 F.3d 1063, 1067 (9th Cir. 2000)).

      The Court has determined that the Fourth AC "fails to provide a factual basis for the claim. The FCRA allegations are insufficient to state a claim that is plausible pursuant to Federal Rule of Civil Procedure 8." (ECF No. 60 at 12); *Iqbal*, 556 at 678; *see also Pyle v. First Nat. Collection Bureau*, No. 12cv288, 2012 WL 1413970, at *3-4 (E.D. Cal. Apr. 23, 2012) ("Plaintiff's complaint only provides conclusory statements

that Defendant violated 15 U.S.C. § 1681b by obtaining Plaintiff's consumer report without a permissible purpose.  Plaintiff has not provided a factual basis to support his claim....  Plaintiff's bare assertion that Defendant violated the FCRA, without providing a factual basis for those assertions, does not sufficiently state a claim.").  To the extent Plaintiffs allege that Defendants were "without permissible purpose" because the deed of trust is a forgery that was fraudulently recorded, Plaintiffs fail to plead this fraud with the particularity required by Rule 9(b).  *Swartz*, 476 F.3d at 764 (stating that  Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations").  Because the Fourth AC's FCRA claim suffers from the same deficiency identified by the Court with respect to the First Amended Complaint (ECF No. 60), Court finds that amendment would be futile.  The motion to dismiss the FCRA claim is granted with prejudice.

### iv.  TILA

The Moving Defendants contend that the Fourth AC fails to plead the details of Plaintiffs' loan, the disclosures accompanying it, and how the disclosures were improper.  The Moving Defendants contend that Plaintiffs' TILA claim is time-barred because the deed of trust was entered into in 2006.  Plaintiffs oppose dismissal of their TILA claim and repeat the allegations contained in the Fourth AC.  Plaintiffs contend the Fourth AC cites the provisions of TILA upon which they based their TILA claim.

The Fourth AC alleges that Defendant Bank of America violated TILA by submitting fraudulent documents to the county recorder and seeking to collect a debt they did not own.  The Fourth AC alleges that Defendant Bank of America failed to disclose the amounts paid by Plaintiffs.  The Fourth AC alleges that America's Wholesale Lender (now Defendant Bank of America) improperly categorized a "Courier Express Mail" charge of $256 as part of the amount financed, rather than a "finance charge."  (ECF No. 97 at 29).

The only provision of TILA that Plaintiffs allege Defendant Bank of America

violated is 12 C.F.R. § 226.4(a)(3), which includes "mortgage broker fees" as part of the definition of "finance charges." 12 C.F.R. § 226.4(a)(3). 12 C.F.R. section 226.4(a) defines finance charge: "the cost of consumer credit as a dollar amount. It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit. It does not include any charge of a type payable in a comparable cash transaction." *Id.* § 226.4(a). The Fourth AC fails to identify the provision(s) of TILA allegedly violated by Defendants,[4] and fails to allege facts showing how any TILA provision was violated, so as to put Defendant Bank of America on "fair notice" of the claim against it. *Swierkiewicz*, 534 U.S. at 514. The motion to dismiss Plaintiffs' TILA claim is granted.

### v. RICO

The Moving Defendants contend that Plaintiffs' conclusory allegation that Defendants Bank of America and ReconTrust mailed a fraudulent letter demanding a lump sum of money to Plaintiffs is insufficient to state a RICO claim. The Moving Defendants contend that Plaintiffs have failed to plausibly allege that their damages were proximately caused by a RICO violation. Plaintiffs oppose dismissal of their RICO claim and repeat the RICO allegations contained in the Fourth AC.

The Fourth AC alleges that Defendants Bank of America and ReconTrust "knowingly and willfully and with malice, use [sic] instrumentality of the U.S. mails, in business, committing mail fraud, to attempt to extort, demanded payment of an illegal lump sum of money in excess of $400,000, and threatened to unlawfully take action, begin foreclosure on Plaintiffs [sic] property, to illegally collect payment from Plaintiffs, on alleged debt." (ECF No. 97 at 32). The Fourth AC alleges that Defendant Bank of America "altered the deed of trust, falsified fees and extorted monies and failed to apply the payments made by Plaintiffs to Plaintiff's loan." *Id.*

18 U.S.C. section 1962(c) prohibits "any person employed by or associated with

---

[4] Plaintiff cannot state a claim based on 12 C.F.R. section 226.4(a)(3), which is definitional and not prohibitory.

any enterprise" from "conduct[ing] or [participating], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c).   "'[P]erson' includes any individual or entity capable of holding a legal or beneficial interest in property[.]" 18 U.S.C. § 1961(3).   "'[E]nterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."   18 U.S.C. § 1961(4).   Acts constituting "racketeering activity" are enumerated at 18 U.S.C. section 1961(1).   "Although section 1961(5) requires 'at least two acts of racketeering activity' in order to establish a pattern, the Supreme Court has indicated that two acts may not be sufficient."   *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1398 (9th Cir. 1986) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 105 S. Ct. 3275, 3285 n. 14 (1985).

18 U.S.C. § 1962(c) has a distinctiveness requirement, and "liability 'depends on showing that the defendants conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs.'"  *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 162-63 (2001) (citing *Reves v. Ersnt & Young*, 507 U.S. 170, 185 (1993)) (emphasis in original).   In order to allege an association-in-fact enterprise, a plaintiff must allege: (1) "a group of persons associated together for a common purpose of engaging in a course of conduct," (2) "an ongoing organization, either formal or informal," and (3) "the various associates function as a continuing unit."   *Odom v. Microsoft Corp.*, 486 F.3d 541, 552-53 (9th Cir. 2007)

"Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims."  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004).

The only act identified by the Fourth AC that constitutes "racketeering activity"

under 18 U.S.C. section 1961(1) is "mail fraud."[5]  *See* 18 U.S.C. section 1961(1).  The Fourth AC fails to plead mail fraud with the particularity required by Rule 9(b).  *Swartz*, 476 F.3d at 764 (stating that  Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations").  In addition, the Fourth AC fails to allege a pattern of racketeering activity because "section 1961(5) requires 'at least two acts of racketeering activity' in order to establish a pattern."  *Schreiber*, 806 F.2d at 1398 (quoting *Sedima*, 105 S. Ct. at 3285 n. 14).  The motion to dismiss Plaintiffs' RICO claim is granted.

### vi.  Constitutional Claims

The Fourth AC asserts Fifth and Fourteenth Amendment due process and equal protection claims.

The Moving Defendants contend that Plaintiffs constitutional claims fail because the Fifth and Fourteenth Amendments do not apply to contracts between private parties.  Plaintiffs contend that its Fifth and Fourteenth Amendment claims are viable, in the absence of state action, on a theory of "judicial enforcement" of "private discrimination." (ECF No. 125 at 12).  Plaintiffs contend that all private discrimination is judicially enforced, such as "application of race-neutral trespass and contract law, for example." *Id.*

The Fourth AC alleges that Defendants violated the Fifth and Fourteenth Amendment through illegal debt collection activity and unlawfully attempting to foreclose on Plaintiffs' property.

Foreclosure activity carried out by private entities pursuant to state law does not implicate constitutional interests. *See, e.g.*, *Charmicor v. Deaner*, 572 F.2d 694, 696 (9th Cir. 1978) ("Over 40 years ago, this court rejected a challenge to the constitutionality of former Cal. Civil Code § 2924.  The appellant there argued that he

---

[5]  The Fourth AC also cites 18 U.S.C. section 1001, which criminalizes perjury in federal government proceedings.  18 U.S.C. § 1001.  However, section 1001 is not included in the list of crimes constituting "racketeering activity," and the Fourth AC does not allege perjury in federal government proceedings. *See* 18 U.S.C. § 1961(1).

had been deprived of due process by virtue of the trustee's alleged failure to comply strictly with the statutory notice provisions.  This court held that there was no state action, and hence no federal claim for relief.") (citing *Davidow v. Lachman Bros. Inv. Co.*, 76 F.2d 186, 188 (9th Cir. 1935)); *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003), *cert. denied*, 540 U.S. 948 (2003) ("While the bar for state action is low, non-judicial foreclosure procedures like Hawaii's nevertheless slip under it for want of direct state involvement."); *Garfinkle v. Super. Ct.*, 21 Cal. 3d 268, 281 (1978) ("California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution.").

The Fourth AC alleges no facts to show that Defendants' activities involve state action.  The Fourth AC does not allege facts to show that Defendants' engaged in any private form of discrimination.  Because this claim suffers from the same deficiency identified by the Court with respect to Plaintiffs' Complaint and First Amended Complaint (ECF Nos. 30, 60), the Court concludes amendment would be futile.  The motion to dismiss Plaintiffs' Fifth and Fourteenth Amendment claims is granted with prejudice.

### vii.  State Law Claims

The remaining claims of the Fourth AC assert violations of California state laws.  Plaintiffs do not allege that this Court has diversity jurisdiction over this action.[6]  Plaintiffs allege that this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  (ECF No. 97 at 4).

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

---

[6]  The Fourth AC alleges that Plaintiffs and five Defendants reside in California. (ECF No. 97 at 4-5).  Accordingly, Plaintiffs have failed to allege complete diversity exists between the parties.  *See* 28 U.S.C. § 1332(a)(2).

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Having dismissed all federal claims asserted by Plaintiffs against the Moving Defendants, the Court declines to exercise supplemental jurisdiction over the state law claims against the Moving Defendants pursuant to 28 U.S.C. § 1367(c). *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).

### viii.  Conclusion

The Moving Defendants' motion to dismiss is granted.  Plaintiffs' FDCPA, TCPA, FCRA, and Fifth and Fourteenth Amendment equal protection and due process claims are dismissed with prejudice as to the Moving Defendants.  Plaintiffs' TILA and RICO claims are dismissed without prejudice as to the Moving Defendants.[7]

## IV.  Motion for Permanent Injunction (ECF No. 122)

On January 20, 2015, Plaintiffs filed a "Motion for Ex Parte Temporary Restraining Order and Permanent Injunction." (ECF No. 122).  Plaintiffs requested that the Court issue an injunction without providing Defendants with an opportunity to respond. On January 21, 2015, the Court issued an order denying Plaintiffs' motion for a temporary restraining order, stating that "the motion for permanent injunction ...

---

[7]  The Court declines to take judicial notice of the documents submitted in the Moving Defendants' Request for Judicial Notice.  (ECF No. 103-2).  It was not necessary to review these documents in ruling on the Moving Defendants' Motion to Dismiss.  *See, e.g., Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

remains pending," and setting a briefing schedule on the motion for permanent injunction. (ECF No. 123 at 4).

Plaintiffs request a permanent injunction to enjoin a trustee's sale of their property set for February 17, 2015. Plaintiffs contend that Defendants have no legal interest in the property because Defendant Clear Recon recorded a fraudulent deed of trust with the county recorder and Defendant Bank of America illegally assigned the deed of trust to Clear Recon. Plaintiffs contend that they are likely to succeed on the merits because their property rights are "clear and unambiguous." (ECF No. 122 at 3). Plaintiffs contend that they will suffer irreparable injury in the absence of a permanent injunction because their property is unique, money damages will not make Plaintiffs whole, and Plaintiffs will be unable to re-purchase their property after the sale. Plaintiffs contend that Defendants will not suffer any harm by the issuance of a permanent injunction because they have no interest in Plaintiffs' property. Plaintiffs contend that a permanent injunction is in the public interest because "Defendants have defrauded California, California taxpayers, California body politic, California citizens, and California government...." *Id.* at 4.

Defendants contend that Plaintiffs have failed to demonstrate that they would suffer harm in the absence of a preliminary injunction. Defendants contend that Plaintiffs do not argue that they are current on their mortgage. Defendants contend that all of Plaintiffs' claims are legally deficient in that they are based on the theory that Defendants lack authority to foreclose.

Because this case is in the pleading stage, the Court construes Plaintiffs' motion as a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted).

To obtain preliminary injunctive relief, a movant must show "that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). "'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see also Villegas Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). In other words, "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Cottrell*, 632 F.3d at 1131.

At a minimum, "the moving party must demonstrate a significant threat of irreparable injury." *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted). "[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be." *Am. Trucking Ass'n*, 559 F.3d at 1052. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. If the moving party fails to meet the "minimum showing" of a likelihood of irreparable injury, a court "need not decide whether [the movant] is likely to succeed on the merits." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

The Court has dismissed all claims against the Moving Defendants for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated above, the Court finds that Plaintiffs have failed to establish a likelihood of success on the merits. Accordingly, the Motion for Permanent Injunction is denied. *See*

*Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary.").

**V. Motion for Default Judgment and Amended Motion for Default Judgement (ECF Nos. 118, 120)**

Plaintiffs move for default judgment against all Defendants. Plaintiffs contend that default judgment is warranted because "Defendants" have not opposed or answered the "Fifth Amended Complaint" even though their deadline was January 1, 2015. (ECF No. 118 at 2).

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). The Ninth Circuit has articulated the following factors for courts to consider in determining whether a default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Because the Court has dismissed the Fourth AC as to all Moving Defendants, the Motion for Default Judgment is denied as moot to the extent it is brought against the Moving Defendants.

The Defendants named in the Fourth AC that have not filed a responsive pleading to the Fourth AC ("Non-Moving Defendants") are ComUnity Lending, Inc., Ginnie Mae, and Clear Recon Corp., and New Century Mortgage.  In the Court's January 6, 2014 Order dismissing the First Amended Complaint, the Court stated that Defendants ComUnity Lending, Inc., New Century Mortgage, and Ginnie Mae had not  entered appearances, and "Plaintiffs have filed no proofs of service indicating that any non-moving Defendant has been served with the First Amended Complaint pursuant to Federal Rule of Civil Procedure 4."  (ECF No. 60 at 14).  The Court stated that "[n]o later than 120 days from the date this Order is filed, Plaintiffs are required to file a proof of service indicating that the three non-moving Defendants have been served with the First Amended Complaint pursuant to Rule 4."  *Id.*

On January 6, 2014, the Clerk of the Court issued a summons on the First Amended Complaint as to Defendants ComUnity Lending, Inc., New Century Mortgage, and Ginnie Mae.  (ECF No. 61).  On February 6, 2014, the U.S. Marshal filed unexecuted returns of service indicating that Defendants ComUnity Lending, Inc. and New Century Mortgage were no longer at the address provided by Plaintiffs and no forwarding address was known.  (ECF Nos. 67, 68).  On April 18, 2014, the U.S. Marshal filed an executed return of service indicating that Defendant Ginnie Mae was served.  (ECF No. 77).  On May 14, 2014, the Court issued an Order stating: "The Court will dismiss this action without prejudice as to Defendants ComUnity Lending, Inc. and New Century Mortgage on June 2, 2014, unless, before that date, Plaintiffs file a declaration under penalty of perjury showing good cause for failure to timely serve Defendants ComUnity Lending, Inc. and New Century Mortgage, accompanied by a motion for leave to serve process outside of the 120-day period."  (ECF No. 78 at 4).  Plaintiffs did not file a declaration under penalty of perjury before June 2, 2014.  On July 21, 2014, the Court issued an order stating that "pursuant to the Court's May 14, 2014 Order and Federal Rule of Civil Procedure 4(m), the Second Amended Complaint

1  is DISMISSED without prejudice as to Defendants ComUnity Lending, Inc. and New
2  Century Mortgage."  (ECF No. 82 at 3).

3       To date, Plaintiffs have not filed a declaration under penalty of perjury showing
4  good cause for failure to timely serve Defendants ComUnity Lending, Inc. and New
5  Century Mortgage.  Accordingly, the Fourth AC is dismissed as to Defendants
6  ComUnity Lending, Inc. and New Century Mortgage for failure to serve in accordance
7  with Federal Rule of Civil Procedure 4, and the Motion for Default judgment is denied
8  as to Defendants ComUnity Lending, Inc. and New Century Mortgage.

9       With respect to Defendant Ginnie Mae, the Court concludes that default judgment
10 is not appropriate at this stage in the proceedings.  The Clerk of the Court has not
11 entered Defendant Ginnie Mae's default, and, for the reasons previously discussed, the
12 Fourth AC fails to state a claim for relief that is plausible on its face.  *Eitel*, 782 F.2d
13 at 1471-72 (requiring a court to consider "the merits of plaintiff's substantive claim"
14 and "the sufficiency of the complaint" before entering default judgment).

15      Finally, Clear Recon Corp. initially appeared in this action on December 16, 2014
16 by filing a "Declaration of Non-Monetary Status" pursuant to California Civil Code
17 section 2924l.  (ECF No. 104).  On December 23, 2014, Plaintiffs filed an objection to
18 the "Declaration of Non-Monetary Status."  (ECF No. 105).  On January 8, 2015, Clear
19 Recon Corp. filed a notice of joinder to the Moving Defendants' Motion to Dismiss.
20 (ECF No. 116).  Clear Recon Corp. is not in default.  The Motion for Default Judgment
21 is denied as to Defendant Clear Recon Corp.

22      The Motion for Default Judgment is denied.

23

24 **VI.  Conclusion**

25      IT IS HEREBY ORDERED that the "Motion to Strike Defendants Documents
26 Dispute Authenticity," the "Amended Motion to Strike Defendants Immaterial Evidence
27 Dispute Authenticity," and the Motion to Strike Defendants Answer to Plaintiffs'
28

Fourth Amended Complaint (ECF Nos. 107, 119, 121) are DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Dismiss Plaintiffs' Fourth Amended Complaint (ECF No. 103) is GRANTED.  The Fourth Amended Complaint is DISMISSED as to all Moving Defendants.  Plaintiffs' FDCPA, TCPA, FCRA, Fifth Amendment, and Fourteenth Amendment claims are DISMISSED with prejudice as to all Moving Defendants.  Plaintiffs' TILA and RICO claims are dismissed without prejudice as to the Moving Defendants.

IT IS FURTHER ORDERED that the Motion for a Preliminary Injunction (ECF No. 122) is DENIED.

IT IS FURTHER ORDERED that the Fourth Amended Complaint is DISMISSED without prejudice as to Defendants ComUnity Lending, Inc. and New Century Mortgage for failure to serve in accordance with Federal Rule of Civil Procedure 4.

IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF No. 118) and Amended Motion for Default Judgment (ECF No. 120) are DENIED.

DATED:  February 9, 2015

**WILLIAM Q. HAYES**
United States District Judge