# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLINGTON DANIELS and DIANE DANIELS,<br><br>                       Plaintiffs,<br>vs.<br>COMUNITY LENDING, INC.; BANK OF NEW YORK; BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; GINNIE MAE; ET. AL; NEW CENTURY MORTGAGE; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE HOME LOANS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; CLEAR RECON CORP.; and JOHN DOES (Investors) 1-10,000,<br><br>                       Defendants. | CASE NO. 13cv488-WQH-JMA<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is Plaintiffs' "Motion for Order to Show Cause Vacation of Judgment/Order." (ECF No. 137).

## BACKGROUND

      On February 28, 2013, Plaintiffs Ellington and Diane Daniels commenced this action by filing a Complaint in this Court. (ECF No. 1). The Complaint asserted claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Telephone Consumer Protection Act ("TCPA"), and violations of the U.S. Constitution. On April 16, 2013, Defendants Bank of New York, Bank of America, N.A. ("Bank of

1  America"), ReconTrust Company, N.A. ("ReconTrust"), and Mortgage Electronic
2  Registration Systems, Inc. ("MERS") filed a motion to dismiss the Complaint. (ECF
3  No. 10). On June 5, 2013, the Court granted the motion to dismiss and dismissed the
4  Complaint without prejudice. (ECF No. 30).

5  On July 9, 2013, Plaintiffs filed the First Amended Complaint ("FAC"). (ECF
6  No. 34). The FAC reasserted claims for violation of the FDCPA, violation of the
7  TCPA, and constitutional violations, and added a claim for violation of the Fair Credit
8  Reporting Act ("FCRA") and various state-law claims. On August 26, 2013,
9  Defendants The Bank of New York, Bank of America, Countrywide Home Loans, Inc.
10 ("Countrywide"), ReconTrust, and MERS filed a motion to dismiss. (ECF No. 45). On
11 January 6, 2014, the Court granted the motion to dismiss and dismissed the FAC
12 without prejudice. (ECF No. 60).

13 On May 14, 2014, Plaintiffs filed the Second Amended Complaint ("SAC").
14 (ECF No. 79). On May 28, 2014, Defendants The Bank of New York, Bank of
15 America, Countrywide, ReconTrust, and MERS filed a motion to dismiss. (ECF No.
16 80). On July 21, 2014, the Court granted the unopposed motion to dismiss and
17 dismissed the SAC without prejudice. (ECF No. 82). On September 29, 2014,
18 Plaintiffs filed the Third Amended Complaint. (ECF No. 90).

19 On November 14, 2014, Plaintiffs filed the Fourth Amended Complaint ("Fourth
20 AC"). (ECF No. 97). The Fourth AC named ComUnity Lending, Inc., New Century
21 Mortgage, BAC Home Loans Servicing, LP, Countrywide, Bank of America, Ginnie
22 Mae, The Bank of New York, MERS, ReconTrust, and Clear Recon Corp. as
23 Defendants.

24 On December 3, 2014, Defendants Bank of New York Mellon (formerly known
25 as The Bank of New York), Bank of America, Countrywide, ReconTrust, and MERS
26 (collectively "Moving Defendants") filed a Motion to Dismiss Plaintiffs' Fourth AC.
27 (ECF No. 103). On January 5, 2015, Plaintiffs filed a document titled "Response in
28 Accordance with F.R.C.P. 15(a)(1)(B) to Defendants 12(b) Motion Amended

Complaint" that included a one-paragraph memorandum of points and authorities. (ECF No. 109).

On January 5, 2015, Plaintiffs filed a Fifth Amended Complaint. (ECF No. 113). On January 7, 2015, the Court issued an Order striking the Fifth Amended Complaint because Plaintiffs did not obtain leave of Court or consent of Defendants. (ECF No. 114). The January 7, 2015 Order stated: "Within fifteen (15) days of this Order, Plaintiffs shall file a response to Defendants' Motion to Dismiss Fourth Amended Complaint." *Id.* at 2.

On January 5, 2015, Plaintiffs filed a "Motion to Strike Defendants Documents Dispute Authenticity." (ECF No. 107). On January 8, 2015, Plaintiffs filed a Motion for Default Judgment. (ECF No. 118). On January 12, 2015, Plaintiffs filed a Motion to Strike Defendants' Answer to Plaintiffs' Fourth Amended Complaint. (ECF No. 119). On January 12, 2015, Plaintiffs filed an Amended Motion for Default Judgment. (ECF No. 120). On January 12, 2015, Plaintiffs filed an "Amended Motion to Strike Defendants Immaterial Evidence Dispute Authenticity." (ECF No. 121).

On January 20, 2015, Plaintiffs filed a Motion for Ex Parte Temporary Restraining Order (ECF No. 122-1) and Permanent Injunction (ECF No. 122-2). On January 21, 2015, the Court issued an Order stating:

> To the extent that the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction requests a temporary restraining order (ECF No. 122-1), the Motion is denied.
>
> To the extent that the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction requests a permanent injunction, the motion for permanent injunction (ECF No. 122-2) remains pending. Defendants shall file any response to Plaintiffs' motion for permanent injunction by February 3, 2015. Plaintiffs shall file any reply by February 9, 2015.
>
> Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint (ECF No. 103) remains pending. Plaintiffs shall file any response by January 22, 2015, as ordered by the Court on January 7, 2015. (ECF No. 114). Defendants shall file any reply by February 3, 2015.

(ECF No. 123 at 4).

On January 28, 2015, Plaintiffs filed an opposition to the Motion to Dismiss. (ECF No. 125). On February 3, 2015, Defendants filed a reply. (ECF No. 127).

1  On February 3, 2015, Defendant Clear Recon Corp. filed an opposition to the Motion for Permanent Injunction.[1]  (ECF No. 126).

On February 9, 2015, the Court issued an Order (ECF No. 132), granting Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint (ECF No. 103) and denying the "Motion to Strike Defendants Documents Dispute Authenticity" (ECF No. 107); the "Amended Motion to Strike Defendants Immaterial Evidence Dispute Authenticity" (ECF No. 121); the Motion to Strike Defendants Answer to Plaintiffs' Fourth Amended Complaint (ECF Nos. 119); and the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction (ECF No. 122).

On the same day, Plaintiffs filed Plaintiffs' "Response in Opposition to Support of Motion to Dismiss Plaintiffs Fourth Amended Complaint" (ECF No. 133) and a reply to the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction (ECF No. 134).

On February 18, 2015, Plaintiffs filed the "Motion for Order to Show Cause Vacation of Judgment/Order." (ECF No. 137). On March 4, 2015, the Defendants filed a response to Plaintiff's motion.  (ECF No. 139). On March 5, 2015, Defendant Clear Recon Corp. filed a response to Plaintiff's motion.  (ECF No. 140). On March 12, 2015, Plaintiff filed a reply.  (ECF No. 142).

On April 8, 2015, Plaintiffs filed a Notice of Appeal to the Ninth Circuit.  (ECF No. 144).  Plaintiffs appeal the Order issued by this Court on February 9, 2015 (ECF No. 132).[2]

**CONTENTIONS OF PARTIES**

Plaintiffs contends that the Order issued on February 9, 2015 should be vacated pursuant to Federal Rules of Civil Procedure 60(a), 60(b)(1), and 60(b)(4) because the

---

[1] On February 3, 2015, the Moving Defendants joined Defendant Clear Recon Corp's opposition.  (ECF No. 128).

[2] Plaintiffs' Notice of Appeal does not divest this Court of jurisdiction to rule on Plaintiffs' Motion for Order to Show Cause Vacation of Judgment/Order" (ECF No. 137).  *See Stone v. I.N.S.*, 514 U.S. 386, 401 (1995) ("[T]he pendency of an appeal does not affect the district court's power to grant Rule 60 relief.").

order was entered "without consideration of Plaintiff's timely filed replies that were inadvertently or intentionally not entered into the court docket." (ECF No. 137 at 6).

Defendants Bank of New York Mellon (formerly known as The Bank of New York), Bank of America, Countrywide, ReconTrust, and MERS contend that Plaintiffs' "Response in Opposition to Support of Motion to Dismiss Plaintiffs Fourth Amended Complaint" (ECF No. 133) is not allowed because Plaintiffs did not receive permission from this Court to file the response and have not provided any argument in support of the Court granting permission to file the response.

Defendant Clear Recon Corp. contends that this Court entered an Order on January 7, 2015 allowing Plaintiffs until January 22, 2015, to file their opposition to the Motion to Dismiss filed by the Moving Defendants. Defendant Clear Recon Corp. contends that on January 21, 2015, this Court entered another Order, denying Plaintiffs' request for a Temporary Restraining Order, and again clarifying that Plaintiffs had until January 22, 2015, to file their opposition to the Motion to Dismiss of the Moving Defendants. Defendant Clear Recon Corp. contends that the same Order provided that the Moving Defendants may oppose Plaintiffs' request for a permanent injunction no later than February 3, 2015 and that Plaintiffs may file a reply in support of their request for a preliminary injunction on February 9, 2015.

Defendant Clear Recon Corp. contends that Plaintiffs filed an opposition to the Motion to Dismiss on January 28, 2015, and that the response filed on February 9, 2015 was an attempted sur-reply which was filed without the Court's permission.

Defendant Clear Recon Corp. further contends that there is no clerical mistake to support relief under Rule 60(a); no surprise that would warrant setting aside the February 9, 2015 order under Rule 60(b)(1); and no basis for relief from judgment under Rule 60(b)(4).[3]

**DISCUSSION**

---

[3] The Court finds that Federal Rule of Civil Procedure 60(b)(4) is not applicable in this case because no judgment has been entered.

## I. Legal Standard

Federal Rule of Civil Procedure 60(a) provides, in relevant part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a). The Ninth Circuit has consistently interpreted Rule 60(a) to allow a district court to correct omissions so long as those corrections are limited to clarification of matters intended to be implied or subsumed by the original judgment, rather than a change of course or a modification to the intended legal effect of a judgment. *Garamendi v. Henin*, 683 F.3d 1069, 1077, 1079 (9th Cir. 2012) ("In sum, then, Rule 60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.' We now hold that Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement.").

Federal Rule of Civil Procedure 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> ...
>
> (4) the judgment is void....

Fed. R. Civ. P. 60(b)(1), (4). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). Generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F .3d 1255, 1262 (9th Cir. 1993) (citations omitted). "The district court has discretion to correct a judgment for mistake or inadvertence, either on

the part of counsel or the court itself." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir.1999)).

## II. Plaintiff's Response in Opposition to Support of Motion to Dismiss Plaintiff's Fourth Amended Complaint (ECF No. 133)

In this case, Plaintiff was ordered to file a response to Defendants' Motion to Dismiss on or before January 22, 2015. *See* ECF No. 114 at 2 ("Within fifteen (15) days of this Order, Plaintiffs shall file a response to Defendants' Motion to Dismiss Fourth Amended Complaint."); ECF No. 123 at 4 ("Defendants' motion to dismiss Plaintiff's Fourth Amended Complaint (ECF No. 103) remains pending. Plaintiff shall file any response by January 22, 2015, as ordered by the Court on January 7, 2015."). On January 28, 2015, Plaintiff filed a response in opposition to Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint. (ECF No. 125). On February 3, 2015, Defendants' filed a reply and the motion was fully briefed. (ECF No. 127). On February 9, 2015, Plaintiffs filed the "Response in Opposition to Support of Motion to Dismiss Plaintiff's Fourth Amended Complaint." (ECF No. 133).

The Response filed by Plaintiff on February 9, 2015 was a surreply. Local Rule 7.1 provides for the filing of a motion, an opposition, and a reply. S.D. Cal. Civ. Local Rule 7.1. The Local Rules do not provide for the filing of a surreply. Other district courts within the Ninth Circuit have found that a party must seek leave of the court to file a surreply. *See Brown v. Harris*, No. 1:12-CV-01472-GSA-PC, 2014 WL 711027, at *1 (E.D. Cal. Feb. 21, 2014) ("The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply."); *Spina v. Maricopa Cnty. Dep't of Transp.*, No. CV05-0712-PHX-SMM, 2009 WL 890997, at *1 (D. Ariz. Apr. 1, 2009) ("Neither Federal Rule of Civil Procedure 7 nor the local rules of practice for this District provide for the filing of a surreply, and surreplies are not authorized by any other rules of procedure absent express prior leave of the Court.... Plaintiff's Surreply was, therefore, improper."). A

district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Brown*, 2014 WL 711027, at *1 (quoting *Hill v. England*, 2005 WL 3031136, * 1 (E.D.Cal. Nov.8, 2005)).

In this case, Plaintiff did not seek leave of the Court to file the surreply, or attempt to show that a valid reason for additional briefing exists. *See* ECF No. 133. Plaintiffs' "Response in Opposition to Support of Motion to Dismiss Plaintiff's Fourth Amended Complaint" was therefore improper.

The Court has reviewed Plaintiffs "Response in Opposition to Support of Motion to Dismiss Plaintiff's Fourth Amended Complaint." (ECF No. 133). The Court concludes that the "Response in Opposition to Support of Motion to Dismiss Plaintiff's Fourth Amended Complaint" does not require the Court to clarify the Order issued on February 9, 2015 (ECF No. 132). The "Response in Opposition to Support of Motion to Dismiss Plaintiff's Fourth Amended Complaint" repeats many of the contentions made in Plaintiffs' response filed on January 28, 2015 (ECF No. 125) which were taken into consideration by the Court when it issued the Order on February 9, 2015 (ECF No. 132).

Furthermore, Plaintiffs have not carried their burden in bringing a Rule 60(b) motion. Plaintiffs have not presented newly discovered evidence, shown that the Court committed clear error or the initial decision was manifestly unjust, or established that there has been an intervening change in controlling law. *See Sch. Dist. No. 1J*, 5 F .3d at 1262. The motion to dismiss was fully briefed and the findings made by the Court in the Order issued on February 9, 2015 (ECF No. 132) were not the result of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1).

**III. Plaintiff's Reply to the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction (ECF No. 134)**

To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

1  preliminary relief, that the balance of equities tips in his favor, and that an injunction
2  is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20
3  (2008); *see also Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052
4  (9th Cir. 2009). "[S]erious questions going to the merits' and a balance of hardships
5  that tips sharply towards the plaintiff can support issuance of a preliminary injunction,
6  so long as the plaintiff also shows that there is a likelihood of irreparable injury and that
7  the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632
8  F.3d 1127, 1135 (9th Cir. 2011); *see also Villegas Lopez v. Brewer*, 680 F.3d 1068,
9  1072 (9th Cir. 2012). "Once a court determines a complete lack of probability of
10 success or serious questions going to the merits, its analysis may end, and no further
11 findings are necessary." *Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054,
12 1058 (9th Cir. 2007).

13 On February 9, 2015, the Court granted Defendants' Motion to Dismiss
14 Plaintiffs' Fourth Amended Complaint in its entirety, and dismissed the Fourth
15 Amended Complaint. Relying on the reasons stated for granting the Motion to Dismiss,
16 the Court found that Plaintiffs failed to establish a likelihood of success on the merits.
17 *See* ECF No. 132 at 22. ("For the reasons stated above, the Court finds that Plaintiffs
18 have failed to establish a likelihood of success on the merits. Accordingly, the Motion
19 for Permanent Injunction is denied.").

20 On February 9, 2015, Plaintiffs filed a reply to the Motion for Ex Parte
21 Temporary Restraining Order and Permanent Injunction (ECF No. 134). On February
22 18, 2015, Plaintiffs filed the operative motion contending that the Order issued on
23 February 9, 2015 should be vacated pursuant to Federal Rules of Civil Procedure 60(a),
24 60(b)(1), and 60(b)(4) because the order was entered "without consideration of
25 Plaintiff's timely filed replies that were inadvertently or intentionally not entered into
26 the court docket." (ECF No. 137 at 6).

27 The Court has reviewed Plaintiffs' reply to the Motion for Ex Parte Restraining
28 Order. The Court concludes that the reply does not require the Court to clarify the

Order issued on February 9, 2015 (ECF No. 132) in order to correct a "failure to memorialize part of its decision," to reflect the "necessary implications" of the original order, to "ensure that the court's purpose is fully implemented," or to "permit enforcement" pursuant to Rule 60(a). *Garamendi*, 683 F.3d at 1079. With respect to the likelihood of success on the merits, the reply repeats allegations made in Plaintiffs' Fourth Amended Complaint. Furthermore, the Court concludes that the finding that Plaintiffs failed to establish a likelihood of success on the merits was not the result of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1). Plaintiffs have not carried their burden to show that relief from the Court's Order issued on February 9, 2015 pursuant to Rule 60(b) is required in this case.

## CONCLUSION

IT IS HEREBY ORDERED that the "Motion for Order to Show Cause Vacation of Judgment/Order" (ECF No. 137) is DENIED. Plaintiff shall file any motion to file an amended pleading, relating to any claims not dismissed with prejudice, within twenty (20) days of the date this order is filed. Plaintiff must attach any proposed amended pleading to the motion to file the amended pleading.

DATED: May 12, 2015

**WILLIAM Q. HAYES**
United States District Judge