**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLINGTON DANIELS and DIANE DANIELS,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>COMUNITY LENDING, INC.; BANK OF NEW YORK; BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; GINNIE MAE; ET. AL; NEW CENTURY MORTGAGE; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE HOME LOANS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; CLEAR RECON CORP.; and JOHN DOES (Investors) 1-10,000,<br><br>　　　　　　　　　　Defendant. | CASE NO. 13cv488 WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the "Motion for Leave to Amend Complaint, FRCP 20(a) to Permissively Add Additional Defendant to Lawsuit, Present Newly Discovered Evidence" (ECF No. 163) and the "Motion to Enforce Amended Complaint" (ECF No. 168), both filed by Plaintiffs Ellington Daniels and Diane Daniels.

**I. Background**

On February 28, 2013, Plaintiffs Ellington and Diane Daniels commenced this action by filing a Complaint in this Court. (ECF No. 1). The Complaint asserted claims

for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Telephone Consumer Protection Act ("TCPA"), and violations of the U.S. Constitution. On April 16, 2013, Defendants Bank of New York, Bank of America, N.A. ("Bank of America"), ReconTrust Copany, N.A. ("ReconTrust"), and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion to dismiss the Complaint. (ECF No. 10). On June 5, 2013, the Court granted the motion to dismiss and dismissed the Complaint without prejudice. (ECF No. 30).

On July 9, 2013, Plaintiffs filed the First Amended Complaint ("FAC"). (ECF No. 34). The FAC reasserted claims for violation of the FDCPA, violation of TCPA, and constitutional violations, and added a claim for violation of the Fair Credit Reporting Act ("FCRA") and various state law claims. On August 26, 2013, Defendants The Bank of New York, Bank of America, Countrywide Home Loans, Inc. ("Countrywide"), ReconTrust, and MERS filed a motion to dismiss. (ECF No. 45). On January 6, 2014, the Court granted the motion to dismiss and dismissed the FAC without prejudice. (ECF No. 60).

On May 14, 2014, Plaintiffs filed the Second Amended Complaint ("SAC"). (ECF No. 79). On May 28, 2014, Defendants The Bank of New York, Bank of America, Countrywide, ReconTrust, and MERS filed a motion to dismiss. (ECF No. 80). On July 21, 2014, the Court granted the unopposed motion to dismiss and dismissed the SAC without prejudice. (ECF No. 82). On September 29, 2014, Plaintiffs filed the Third Amended Complaint. (ECF No. 90).

On November 14, 2014, Plaintiffs filed the Fourth Amended Complaint ("Fourth AC"). (ECF No. 97). The Fourth AC named ComUnity Lending , Inc., New Century Mortgage, BAC Home Loans Servicing, LP, Countrywide, Bank of America, Ginnie Mae, The Bank of New York, MERS, ReconTrust, and Clear Recon Corp. as defendants. On December 3, 2014, Defendants Bank of New York Mellon (formerly known as The Bank of New York), Bank of America, Countrywide, ReconTrust, and MERS  filed a motion to dismiss Plaintiff's Fourth AC. (ECF No. 103). On January

5, 2015, Plaintiffs filed a document titled "Response in Accordance with F.R.C.P. 15(a)(1)(B) to Defendants 12(b) Motion Amended Complaint" that included a one-paragraph memorandum of points and authorities. (ECF No. 109).

On January 5, 2015, Plaintiffs filed a Fifth Amended Complaint. (ECF No. 113). On January 7, 2015, the Court issued an Order striking the Fifth Amended Complaint because Plaintiffs did not obtain leave of Court or consent of Defendants. (ECF No. 114). The January 7, 2015 Order stated: "Within fifteen (15) days of this Order, Plaintiffs shall file a response to Defendants' Motion to Dismiss Fourth Amended Complaint." *Id.* at 2.

On January 5, 2015, Plaintiffs filed a "Motion to Strike Defendants' Documents Dispute Authenticity." (ECF No. 107). On January 8, 2015, Plaintiffs filed a Motion for Default Judgment. (ECF No. 118). On January 12, 2015, Plaintiffs filed a Motion to Strike Defendants' Answer to Plaintiffs' Fourth Amended Complaint. (ECF No. 119). On January 12, 2015, Plaintiffs filed an Amended Motion for Default Judgment. (ECF No. 120). On January 12, 2015, Plaintiffs filed an "Amended Motion to Strike Defendants Immaterial Evidence Dispute Authenticity." (ECF No. 121).

On January 20, 2015, Plaintiffs filed a Motion for Ex Parte Temporary Restraining Order (ECF No. 122-1) and Permanent Injunction (ECF No. 122-2). On January 21, 2015, the Court issued an Order stating:

> To the extent that the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction requests a temporary restraining order (ECF No. 122-1), the Motion is denied.
>
> To the extent that the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction requests a permanent injunction, the motion for permanent injunction (ECF No. 122-2) remains pending. Defendants shall file any response to Plaintiffs' motion for permanent injunction by February 3, 2015. Plaintiffs shall file any reply by Feburary 9, 2015.
>
> Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint (ECF No. 103) remains pending. Plaintiffs shall file any response by January 22, 2015, as ordered by the Court on January 7, 2015. (ECF No. 114). Defendants shall file any reply by February 3, 2015.

(ECF No. 123 at 4).

On January 28, 2015, Plaintiffs filed an opposition to the Motion to Dismiss.

(ECF No. 125). On February 3, 2015, Defendants filed a reply. (ECF No. 127).

On February 3, 2015, Defendant Clear Recon Corp. filed an opposition to the Motion for Permanent Injunction. (ECF No. 126).

On February 9, 2015, the Court issued an Order (ECF No. 132), denying the "Motion to Strike Defendants Documents Dispute Authenticity" (ECF No. 107); the "Amended Motion to Strike Defendants Immaterial Evidence Dispute Authenticity" (ECF NO. 121); the Motion to Strike Defendants Answer to Plaintiff's Fourth Amended Complaint (ECF No. 119); and the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction (ECF No. 122) and granting Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint (ECF No. 103). The Court dismissed Plaintiffs' FDCPA, TCPA, FRCA, Fifth Amendment, and Fourteenth Amendment claims with prejudice. (ECF No. 132). The Court dismissed Plaintiffs' TILA and RICO claims without prejudice. *Id.*

On the same day, Plaintiffs filed a "Response in Opposition to Support a Motion to Dismiss Plaintiffs Fourth Amended Complaint" (ECF No. 133) and a reply to the Motion for Ex Parte Temporary Restraining Order and Permanent Injunction. (ECF No. 134).

On February 18, 2015, Plaintiffs filed the "Motion for Order to Show Cause Vacation of Judgment/Order." (ECF No. 137). On March 4, 2015, the Defendants filed a response to Plaintiffs' motion. (ECF No. 139). On March 5, 2015, Defendant Clear Recon Corp. filed a response to Plaintiffs' motion. (ECF No. 140). On March 12, 2015, Plaintiff filed a reply. (ECF No. 142).

On April 8, 2015, Plaintiffs filed a Notice of Appeal to the Ninth Circuit. (ECF No. 144). Plaintiffs appealed the Order issued by this Court on February 9, 2015 (ECF No. 132). On May 12, 2015, the Court of Appeals issued an order dismissing Plaintiffs' appeal. The order stated, in part,

> To the extent this appeal also challenges the portion of the district court's February 9, 2015, order denying preliminary injunctive relief, the appeal is untimely because the April 8, 2015 notice of appeal was not filed within 30 days after entry of the district court's February 9, 2015 order.

(ECF No. 152).

On May 12, 2015, the Court issued an Order denying Plaintiffs' "Motion for Order to Show Cause Vacation of Judgment/Order." (ECF No. 153). The Order stated, "Plaintiff shall file any motion to file an amended pleading, relating to any claims not dismissed with prejudice, within twenty (20) days of the date this order is filed." *Id.* at 10.

On May 26, 2015, Plaintiffs filed a Notice of Appeal to the Ninth Circuit. (ECF No. 154). On November 17, 2015 the Court of Appeals issued an order affirming this Court's denial of Plaintiffs' motion for a preliminary injunction and affirming this Court's denial of Plaintiffs' motion for reconsideration.

On November 12, 2015, Plaintiffs filed the "Motion for Leave to Amend Complaint, FRCP 20(a) to Permissively Add Additional Defendant to Lawsuit, Present Newly Discovered Evidence." (ECF No. 163). On December 3, 2015, Defendants Bank of America Home Loans, Bank of America, The Bank of New York, Countrywide Home Loans, MERS, and ReconTrust filed an opposition to Plaintiffs' motion for leave to amend. (ECF No. 165). On December 7, 2015, Plaintiffs filed a reply. (ECF No. 166). On December 10, 2015, Defendant Clear Recon Corp. Filed a Notice of Joinder to the response in opposition to Plaintiff's motion. (ECF No. 167).

On December 28, 2015, Plaintiffs filed a "Motion to Enforce Amended Complaint." (ECF No. 168).

**II. Discussion**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman*, 371 U.S. at 182. "[L]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (internal citation and quotation marks omitted). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). "A district court does not abuse its discretion when it denies leave to amend where a plaintiff . . . did not propose any new facts or legal theories for an amended complaint and therefore give the Court any basis to allow an amendment." *Boehm v. Shemaria*, 478 Fed. Appx. 457, 457 (9th Cir. 2012). When amendment would be futile, the district court need not grant leave to amend. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

The Court has previously dismissed Plaintiffs' Complaint, FAC, SAC, and Fourth AC and has granted Plaintiffs multiple opportunities to amend their claims. The proposed fifth amended complaint cites to the following federal laws: 26 U.S.C. § 951 et seq. Intentional Misrepresentation; 26 U.S.C. § 951 et seq. Negligent Misrepresentation; 11 U.S.C. §506(d) Secured Status and Validity and Priority of Lien; TILA, 15 U.S.C. § 1601, et seq; RESPA, 12 U.S.C. § 2601 et seq., as well as multiple state laws.

**A. TILA**

In the Order filed on February 9, 2015, dismissing Plaintiffs' Fourth AC, the Court stated "The Fourth AC fails to identify the provision(s) of TILA allegedly violated by Defendants, and fails to allege facts showing how any TILA provision was violated so as to put Defendant Bank of America on 'fair notice' of the claim against it." (ECF No. 132 at 16). Plaintiff's proposed fifth amended complaint fails to identify

the provision(s) of TILA allegedly violated by Defendants and does not correct the deficiencies of the Fourth AC.

### B. 15 U.S.C. § 1601

Plaintiffs' newly alleged causes of action in the proposed fifth amended complaint for "Intentional Misrepresentation" and "Negligent Misrepresentation" under 26 U.S.C. § 951 fail to state a cognizable legal claim. Section 951 of 26 U.S.C. defines "Amounts included in gross income of United States Shareholders" and does not establish a federal cause of action for misrepresentation. *See* 26 U.S.C. § 951.

### C. 11 U.S.C. § 506(d)

Plaintiffs' fifth amended complaint alleges a cause of action against Defendants for violation of 11 U.S.C. § 506(d) "Secured Status and Validity and Priority of Lien." Section 506(d) of 11 U.S.C. states

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless– (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d). The Court concludes that the proposed fifth amended complaint does not state a cognizable legal claim under 11 U.S.C. § 506(d).

### D. RESPA

The proposed fifth amended complaint asserts that Defendants violated Plaintiffs' rights under 12 U.S.C. § 2601, the "Congressional Findings and Purpose" section of RESPA. The Court concludes that the reference to 12 U.S.C. § 2601 in the proposed fifth amended complaint could not put Defendants on notice of any RESPA violations alleged against them.

### E. State Law Claims

The remaining claims of the proposed fifth amended complaint assert violations of state law. Plaintiffs do not allege that this Court has diversity jurisdiction over this

action.[1] Plaintiffs allege that this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (ECF No. 163 at 2). The federal supplemental jurisdiction statute provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Having concluded that Plaintiffs' proposed fifth amended complaint does not state a valid federal legal claim, the Court declines to exercise supplemental jurisdiction over the state law claims against the Defendants pursuant to 28 U.S.C. § 1367(c). *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).

**III. Conclusion**

In Plaintiffs' motion for leave to file a fifth amended complaint, the proposed fifth amended complaint remains subject to dismissal because it does state a valid federal claim.

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to file a fifth amended complaint (ECF No. 163) is denied. The Clerk of the Court shall close the case.

DATED: January 11, 2016

**WILLIAM Q. HAYES**
United States District Judge

---

[1] The proposed fifth amended complaint alleges that Plaintiffs and five Defendants reside in California. (ECF No. 163 at 3-4). Accordingly, Plaintiffs have failed to allege complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(2).